## In re the MARRIAGE OF Ruby BEDWELL and Homer Bedwell.

### Ruby BEDWELL, Petitioner-Respondent,

v.

### Homer BEDWELL, Respondent-Appellant.

### No. WD 32061.

Missouri Court of Appeals, Western District.

Dec. 22, 1981.

C. Michael Fitzgerald, C. B. Fitzgerald, Fitzgerald & Fitzgerald, Warrensburg, for respondent-appellant.

William M. Chapman, Legal Aid of Western Missouri, Sedalia, for petitioner-respondent.

Before TURNAGE, P. J., and PRITCHARD and KENNEDY, JJ.

TURNAGE, Presiding Judge.

Ruby Bedwell filed a suit seeking a dissolution of her marriage with Homer Bedwell. The court dissolved the marriage and awarded Ruby $200 per month in maintenance plus attorney fees. On this appeal the only questions raised relate to the maintenance award and to one item of evidence. Affirmed.

The only issue raised on this appeal which requires discussion challenges the right of the court to take into consideration the amount which Homer received from a military pension in determining his ability to pay maintenance.[1] The parties had been

---

1. This case is distinguished from *McCarty v. McCarty*, —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) and *Kuchta v. Kuchta* (Mo. banc 1981). In *McCarty* the trial court ordered

married about 16 months when Homer retired from the Air Force and began drawing his pension of $350 per month, after 20 years service. In addition, Homer began receiving a disability pension from the Veteran's Administration of $80 per month. At the time of the dissolution, some 10 years after his retirement, Homer was employed as a security guard at an income of about $365 per month. While the court's decree does not specifically show that the court considered the retirement income in determining Homer's ability to pay maintenance, the only inference that can be drawn is that it did.

Homer argues that it would be unfair to consider his military pension in gauging his ability to pay because the service for which the pension was paid had been prior to the marriage, except for 16 months. Counsel frankly states that no case supporting the argument now advanced has been located, but concedes that as indicated in Annot., 22 A.L.R.2d 1421 (1952), the cases that have considered the question are contrary to his position. Among the cases cited in the Annotation is *McGrady v. McGrady*, 48 Mo. App. 668 (1892) in which this court held it was proper for the trial court to consider a Civil War pension in determining the ability of a husband to pay alimony. This court does not see any reason to change the rule in *McGrady*.

Section 452.335.2(6), RSMo 1978, provides that the court is to consider the ability of Homer to meet his needs while meeting the needs of Ruby by way of maintenance. Certainly the pension is income to Homer and when added to his other income, of course, makes up the total amount available to him to meet his needs. This court perceives no reason why the amount of a military pension should be deducted from the total income of Homer and maintenance awarded based on the reduced total. To do

so would ignore the facts. The court was correct in including the amount of the military pension in determining Homer's income and his ability to pay maintenance.

 The point on the admission of evidence need not be noticed because there is substantial evidence to support the judgment without considering such evidence. *State ex rel. Williams v. Williams*, 609 S.W.2d 456, 458, n. 2 (Mo.App.1980). The record has been reviewed and this court finds that the judgment is supported by substantial evidence and is not against the weight of the evidence. An extended opinion on the other points would have no precedential value. Those points are ruled adversely to Homer. Rule 84.16(b). The judgment is affirmed.

All concur.

---

a specific portion of the retirement pay to be paid to the spouse upon retirement. In *Kuchta* the trial court calculated the present value of the husband's pension and considered that *as* marital property. A portion of that value was awarded to the wife. In this case, the court did not consider the pension as marital prop-

erty nor did it award a portion of the pension to the wife. The court simply considered the pension as income to Homer and calculated his ability to meet his own needs and the needs of Ruby on the basis of that amount. This did not violate the holding in those cases.