**In the Matter of Patrick Walter O'LEARY, Debtor.**

**VIZZARD, BAKER, SULLIVAN & McFARLAND, Plaintiff,**

v.

**Patrick Walter O'LEARY, aka Patrick W. O'Leary, Defendant.**

**Bankruptcy No. 181–01250. Adv. No. 181–0684.**

United States Bankruptcy Court, E. D. California.

May 6, 1982.

Vizzard, Baker, Sullivan & McFarland, pro se and Jere N. Sullivan, Bakersfield, Cal., for plaintiff.

Patrick O'Leary, in pro per.

## OPINION

ECKHART A. THOMPSON, Bankruptcy Judge.

Counsel for debtor's wife in a prior divorce proceeding was awarded judgment for attorney's fees to be paid by the debtor. Counsel, plaintiff herein, seeks to have said judgment declared nondischargeable.

Plaintiff's complaint alleges that said attorney fees were awarded "as and for spousal support", defendant had no attorney, filed no answer and the allegations of the complaint were not denied, nor disproved by testimony and therefore must be accepted as true.

Except for the provisions of California Civil Code section 4371 the Court would be of the opinion that the debt in question would be dischargeable since it is not by its terms owing to the spouse as required by the specific language of Bankruptcy Code section 523(a)(5). However, said section 4371 provides as follows:

When the court orders one of the parties to pay costs and attorneys' fees for the benefit of the other party, such costs and fees may, in the discretion of the court, be made payable in whole or in part to the attorney entitled thereto. An order of the court providing for payment of such costs and fees may be enforced directly by such attorney in his own name or by the party in whose behalf such order was made . . . . . "

Since by virtue of said code section said judgment for attorneys' fees may be enforced either by the wife or the attorney, it seems clear that it *is* a debt owing to the wife (as well as to the attorney) as required by Bankruptcy Code section 523(a)(5). The Court therefore finds said debt to be nondischargeable.

The Court notes that Judge Lloyd George in Matter of Gwinn 8 BR 905 (1981), indicated that only the wife or child has standing to bring an action such as this as the legislative history indicates an intention to benefit only the spouse and the children. This Court is of the opinion that since under the literal language of section 523(a)(5) this debt is nondischargeable and since the Code does not prohibit the attorney from bringing the suit in his own name, this Court should not interpret said section otherwise. This Court is of the opinion that Judge George's interpretation of the statute is reasonable and perhaps should be adopted if to do otherwise would reach an unjust result. However, this Court feels that the California Legislature obviously felt that it would benefit the wife if suit could be filed

directly by the attorney, sparing her both expense and embarrassment. Certainly the wife has great interest and concern in seeing that her attorney's fees are paid so that she may be able to obtain the future services of the attorney, and so that she may escape any personal liability for such fees. No purpose would be served by this court requiring plaintiff (the attorney) to dismiss this suit and refile in the name of the wife. As oft stated, the law should not require the performance of an idle act.

It is therefore the opinion of the Court that plaintiff is entitled to judgment, and that said judgment is nondischargeable.

This opinion may serve as the Findings of Fact and Conclusions of Law required by Rule 52 of the Federal Rules of Civil Procedure. Counsel for debtor is directed to prepare, serve and forward a judgment based thereon.

The clerk of this court is directed to serve copies of this order by U. S. mail upon the attorneys for the parties appearing in this cause.