Argued and submitted June 20, affirmed as modified November 9, 1983

In the Matter of the Marriage of

WALLACE,
*Respondent,*
*and*

WALLACE,
*Appellant.*

(128,029; A26433)

671 P2d 711

John R. Miller, Salem, argued the cause and filed the brief for appellant.

Albert C. Depenbrock, Salem, argued the cause for respondent. With him on the brief were N. Thomas Wilson, and Anson, Creighton, Depenbrock and Wilson, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Wife appeals from a dissolution decree. She assigns as errors the amount and duration of spousal support, the division of real and personal property and the amount awarded her for attorney fees.

Husband, age 44, and wife, age 42, were married for 25 years. Their three children are emancipated. Husband served over 20 years in the Navy before retiring in 1975. At the time of trial, his monthly income was $2,394. He receives a gross monthly salary of $1,100 as head maintenance official at Fairview Hospital Training Center, $840 per month from his military retirement pension and a nontaxable $454 disability pension.[1] He claims monthly expenses of $1,446.

Wife has not worked regularly outside the home since 1961. In 1965, she sold Avon products but stopped when husband returned from overseas duty and refused to allow her to work. She tried to go to community college classes but had to stop because of her health. She hopes to make some income through commission sales and to attend college. She has no outside income. Her expenses of $1,300 per month include $289 for house payments.

Conflicting evidence on the value of the marital assets was presented at trial. The trial court did not attempt to place a value on any of the disputed items. It is necessary, however, to establish values to decide this case, and we will do so on the evidence in the record. Wife was awarded the house, subject to an incumbrance of $49,000 and to the provision in paragraph 5 of the decree that, if she sells it within five years, husband shall receive a sum equal to one-fourth of the net proceeds. The house was appraised by a licensed real estate appraiser at $78,500. Although husband believes it is worth substantially more and wife believes it is worth less, we find its value to be $78,500. Wife also was named beneficiary of a fully paid $10,000 life insurance policy on husband's life, and he must maintain the policy free and clear of any loans against it so long as spousal support is required to be paid. Wife also received a car that we value at $3,500, health insurance paid for by husband and a one-half share, with a value of $18,000, of the personal property.

---

[1] The record does not contain "net" figures.

Husband was awarded his military retirement pension, two vehicles with a total cash value of $3,200 and a one-half share of the personal property. Husband was also awarded five acres of land at Scio, appraised by the same real estate appraiser at $19,500, which we find to be its value.

Wife asserts that the spousal support award of $800 monthly for one year, $400 a month for the second year and $200 monthly thereafter until she reaches 62 is inadequate. She asks for $1,300 per month for the first three years, $1,000 per month for the next three years and $750 per month until she dies. We find that the spousal support provisions in the decrees should be modified.

Wife suffers from ulcerative colitis and has a history of duodenal ulcers and an irritable bowel syndrome. Her physician, Dr. Klass, testified that her medical problems limit her ability to be gainfully employed:

> "If she was to enter the job market today I think she would find that there would be periods of time where she would miss work considerably. * * * She would have to come — to a job with a lot of preparation and a lot of ability if she was — going to work and be able to miss that much work on account of illness."

Her condition cannot be controlled completely by medication and, even in a stress-free situation, medical treatment might be necessary. While the marriage has been a source of stress, the doctor indicated that the stress involved in entering the job market for the first time at her age and facing an uncertain economic future might also cause wife difficulty. His prognosis was "guarded" in terms of her "good functioning ability on a day to day basis." The doctor anticipated that she would need to be hospitalized from time to time. No other medical evidence was presented. Husband, who earlier had refused to allow wife to continue to work, also doubted wife's ability to work full-time. On cross-examination, he said:

> "Q. [MR. BILLMAN] Do you think she is able to work on a full time basis?
>
> "A. I don't know if she is — I don't know what words you used, but I feel wholeheartedly that she is able to do work of some kind with all the things that she does at home and all of the driving and going helter-skelter that she does, I feel she could be employed in some kind of a job, yes sir."

■    In explaining his award of spousal support, the trial judge felt that the wife's medical problems would be alleviated by the divorce and were largely controllable:

> "There is no question in this court's mind that the Petitioner has a 60% disability and there is no doubt in this court's mind that the Respondent has a serious type of illness. Which includes an ulcerated colitis, irritated bowels and duodenum ulcers, these are caused by stress. No question about it * * * however, * * * stress can be taken care of and I think more than likely this court will assist Dr. Klass in finding a cure for this stress by the fact that a dissolution is granted. * * * This will give her two years in which she can pull herself up by the old bootstraps so-to-speak."

There is no medical basis in the record, however, for the court's conclusion.

■■    In determining the proper amount and duration of spousal support, a court should consider the duration of the marriage, the parties' ages, health, work experience, earning capacities, financial condition and need for career retraining. ORS 107.105(1)(c). The supported spouse should be able to enjoy a standard of living not unduly disproportionate to that which he or she enjoyed during the marriage. *Steinbrenner and Steinbrenner,* 60 Or App 106, 111, 652 P2d 845 (1982); *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977).

■    Wife's work experience is minimal, and her future earning capacity is questionable. Husband is maintaining full-time employment, has a military retirement pension and a nontaxable disability pension. Husband's gross monthly income currently exceeds his monthly expenses by $948. Wife is presently totally dependent on husband. Given husband's superior financial condition and earning capacity, she is entitled to substantial permanent support.

■    Husband's excess of income over expenses has enabled him to support wife voluntarily by paying her $400 a month and paying the $419 mortgage and property tax payments. The trial court ordered husband to pay $800 per month spousal support for a year but reduced it to $400 a month for the second year and to $200 a month thereafter until she reaches 62. Even if wife is able to gain employment, her health and employment history indicate that she will not be able to

earn enough to enjoy a standard of living close to that which she enjoyed during the marriage, unless she also receives increased and permanent spousal support. Because wife's expenses of $1300 are unlikely to decrease and her ability to assume greater financial independence is questionable, we find that spousal support should be permanent at $800 a month.

■ Wife assigns as error the overall property settlement. In particular, she attacks the trial court's refusal to award her a 45 percent interest in husband's retirement pension under the Uniformed Services Former Spouses Protection Act. 10 USC § 1408 (Supp 1983). The Act was passed in response to the decision in *McCarty v. McCarty,* 453 US 210, 101 S Ct 2728, 69 L Ed 2d 589 (1981), which held that military retirement pay is not property subject to division on dissolution of a marriage. After *McCarty,* but before the Act became effective, this court stated that a spouse's military retirement pension, while not divisible, can be considered in awarding support or making property divisions. In that case, *Smedley and Smedley,* 60 Or App 249, 653 P2d 267 (1982), we affirmed an award to the wife of the balance of the value of the house to offset the military retirement pension of the husband. The Act permits, but does not require, state courts to consider military retirement payments as marital property. 10 USC § 1408(c)(1) (Supp 1983). It does not *prevent* a court from considering a military pension as this court did in *Smedley. See also Tibbles and Tibbles,* 63 Or App 774, 665 P2d 1267 (1983), in which this court declined to award the wife a share of the husband's military disability payment, but considered the disability payments received by the husband in setting spousal support for the wife.

■ Here, the trial court heard evidence of the amount of husband's military retirement pension and clearly considered it in establishing spousal support. If the trial court had not considered the pension as part of the husband's total monthly income, he would have had an income of $1,554 and expenses of $1,446. Even the trial court's award of $800 per month for the first year and $400 a month for the second year is justified only if the court considered husband's military retirement pension of $850 per month. We agree with the court's refusal to assign to wife, in addition, a 45 percent interest in the retirement pension.

■ Wife also argues that she should have been awarded an extra bedroom set, greater coverage under the insurance policy and a judgment to reflect what wife considered was the court's underevaluation of the land at Scio. Instead, we find that, under the circumstances, the award of the home to wife is essential to a just and equitable property division. We modify the decree to delete the provision in paragraph 5 that husband be paid a sum equal to one-fourth of the net proceeds if the residence property is sold within five years.

■ Wife argues that the award of attorney fees of $1,500 is inadequate and asks for $3,331. We will not change the award of attorney fees unless the trial court abused its discretion. *Bohren v. Bohren,* 243 Or 237, 412 P2d 524 (1966). It did not.

The dissolution decree is modified to award permanent spousal support to wife of $800 per month from the date of the original decree and by deleting the provision in paragraph 5 of the decree that, if the residence property is sold within five years, husband shall receive a sum equal to one-fourth of the net proceeds.

Affirmed as modified. Costs to appellant.