Argued and submitted October 19, 1983, affirmed February 8, 1984

## In the Matter of the Marriage of

### WOOD,
*Appellant,*
*and*

### WOOD,
*Respondent.*

(15-82-05405; CA A28042)

676 P2d 338

Kent Mortimore, Eugene, argued the cause for appellant. On the brief were Robert B. Dugdale and Sahlstrom & Dugdale, Eugene.

John C. Gartland, Eugene, argued the cause for respondent. With him on the brief was Perrin & Gartland, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Husband appeals from a decree of dissolution on the ground that the trial court incorrectly included his military pension in the division of marital property. We affirm.

At the time of the dissolution, the parties had been married approximately 13 years, the first eight years and three months of which husband served in the Navy. He retired in 1978, ending a 19-year and three-month career. Their assets, valued at approximately $14,000, consisted of a house and items of personal property. In addition, husband receives monthly military pension payments of $600. Husband was awarded roughly $9,500 in property, including the parties' house. Wife received assets worth about $4,500, and, in an apparent effort to allow her a share in the military pension, she was awarded a $15,000 judgment against husband. The judgment is payable with interest in installments of at least $200 per month for 50 months, at which time the balance is due.

Military pensions have traditionally been considered marital property in Oregon. *See Vinson and Vinson,* 57 Or App 355, 644 P2d 635, *rev den* 293 Or 456 (1982). However, in *McCarty v. McCarty,* 453 US 210, 101 S Ct 2728, 69 L Ed 2d 589 (1981), the Supreme Court decided that a military pension was not community property subject to division in dissolution cases, but was indivisible property awardable only to the pensioner. Moreover, the court further foreclosed access to military pensions by the former spouses of servicemen and women by declaring that its holding was not to be circumvented by the simple expedient of an offsetting award. 453 US at 228 n 22. We acknowledged that, even though Oregon is not a community property state, the *McCarty* holding applies here. *Smedley and Smedley,* 60 Or App 249, 653 P2d 267 (1982).

In 1982, largely in an effort to alleviate the inequities created by the *McCarty* decision, Congress enacted the Uniformed Services Former Spouses Protection Act (USFSPA), 10 USC 1401 *et seq* (1982). The express purpose of the act, as stated in the legislative history, was to restore the law to what it was before the *McCarty* decision. *See* 3 US Code Cong and Adm News 1596 *et seq* (1982). The act provides, in pertinent part:

"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 USC 1408(c)(1).

Clearly, we are now free to treat service pensions as marital property. *See also Wallace and Wallace,* 65 Or App 522, 671 P2d 711 (1983).

This case, however, presents an issue of first impression in Oregon involving section 1408(d)(2) of USFSPA, which provides:

"If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired or retainer pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired or retainer pay of the member as property of the member or property of the member and his spouse."

Husband asserts that this provision imposes a limitation on the court's ability to treat military pensions as marital property, so that the *McCarty* rule continues to govern, unless the parties were married for at least ten years during a spouse's military career.

■ We find husband's assertion totally lacking in merit. The provision on which he relies operates only in the event a dissolution decree provides for direct payments from the pension account to a former spouse. If direct payments from the pension account are not required by the decree, then subsection (d)(2) has no application. That this is so can be seen from a plain, careful reading of the statutory language. Subsection (d)(1) provides, in pertinent part:

"After effective service on the Secretary concerned of a *court order* with respect to the payment of a portion of the retired or retainer pay of a member to the spouse or a former spouse of the member, the Secretary shall, subject to the limitations of this section, make payments to the spouse or former spouse in the amount of the disposable retired or

retainer pay of the member specifically provided for in the court order. * * *" (Emphasis supplied.)

This provision directs the secretary to make payments in compliance with a "court order" directly to a former spouse. However, the secretary is only required to make these payments if he is effectively served with a "court order," which is specifically defined by 10 USC 1408(a)(2):

" 'Court order' means a final decree of divorce, dissolution, annulment, or legal separation issued by a court, or a court ordered, ratified, or approved property settlement incident to such a decree (including a final decree modifying the terms of a previously issued decree of divorce, dissolution, annulment, or legal separation, or a court ordered, ratified, or approved property settlement incident to such previously issued decree), which —

"(A) is issued in accordance with the laws of the jurisdiction of that court;

"(B) provides for—

"(i) payment of child support (as defined in section 462(b) of the Social Security Act (42 U.S.C. 662(b));

"(ii) Payment of alimony (as defined in section 462(c) of the Social Security Act (42 U.S.C. 662(c)); or

"(iii) division of property (including a division of community property); and

"(C) *specifically provides for the payment of an amount, expressed in dollars or as a percentage of disposable retired or retainer pay, from the disposable retired or retainer pay of a member to the spouse or former spouse of that member.*" (Emphasis supplied.)

Accordingly, subsection (d)(1) applies only when a trial judge has awarded a former spouse a share of a pension account and provided therefor in a "court order," and the order has been served on the secretary. It is true that the provision on which husband relies further limits the secretary's responsibility to make payments under subsection (d)(1) to those situations in which the dissolved marriage coincided with at least ten years of military service. But it is also true that all of subsection (d) applies only in the event that the secretary is effectively served with a "court order," as that term is specifically defined by the act. Therefore, the durational requirements of subsection (d)(2) are irrelevant

when the decree of dissolution does not award a former spouse a share of the pension and no "court order" has been drafted or served on the secretary.

 That is the case here. Husband's pension was properly considered as a marital asset. Wife was given a $15,000 judgment, apparently ·as an offsetting award, without any reference to husband's pension. Thus, there was no "court order" within the meaning of UFSPA, which means that subsection (d) has no bearing on this case. The act discloses no other limitations, durational or otherwise, which would preclude the judgment awarded to wife. We therefore hold that USFSPA allows courts to treat military pensions as marital property in making equitable property divisions, regardless of the duration of the marriage which is dissolved. However, before an ex-spouse can receive direct payments from the pension account, as opposed to an offsetting award of other property, the couple's marriage must have spanned at least ten years of a military career. 10 USC 1408(d)(2).

Affirmed. Costs to respondent.