Argued and submitted April 30, affirmed as modified June 27, 1984

# In the Matter of the Marriage of

## MANNERS,
*Respondent,*
*and*

## MANNERS,
*Appellant.*

(83-260; CA A29397)

683 P2d 134

David A. Dorsey, Coos Bay, argued the cause for appellant. With him on the brief was Bedingfield, Joelson, Gould, Wilgers and Dorsey, P.C., Coos Bay.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judge.

ROSSMAN, J.

.

## ROSSMAN, J.

Wife raises three assignments of error against a decree of dissolution: (1) The trial court erred in failing to allow her a share of husband's military pension; (2) the court erred in its award of spousal support; and (3) the court erred in failing to require husband to maintain life insurance in wife's favor. We modify the decree to allow wife a share of the pension.

Husband and wife married in November, 1964. At the time of trial, husband was 40 and wife was 42. They have one child, age 17. Husband enlisted in the Coast Guard August 20, 1962, and has served continuously ever since. He has applied for retirement effective June 1, 1984. His vested military pension will pay him $1035 per month for life on retirement. It has a current value of $120,395. Wife has never held a job outside the home, but is presently enrolled in a one-year program to acquire medical-clerical skills.

The decree provides for joint custody of the son and orders that husband pay wife $250 monthly child support for the months the child resides with her. Husband was also ordered to pay $600 per month spousal support for one year and $400 per month permanently thereafter. Wife was not awarded a share of the pension. All other personal property, roughly $8,000 worth, was divided equally by mutual agreement.

■ We have examined every assignment of error but find that the only issue that warrants discussion is wife's contention that she is entitled to a share of the military pension. In general, a spouse is entitled to a half share of a pension accumulated during a marriage. *Rogers and Rogers,* 45 Or App 885, 893, 609 P2d 877, *modified* 47 Or App 963, 615 P2d 412 (1980), *rev den* 289 Or 659, *modified* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 453 (1981).

In his letter opinion, the trial judge gave very limited attention to husband's pension:

"I am awarding wife more spousal support for the first year because she must complete her one year study program for clerical work. At the end of this one year program, she will have the skills to obtain a job and this should reduce her needs for the full amount of the spousal support. Also, at this time the husband will have retired from military service and his

pay will be substantially reduced. The amount of $400.00 per month takes into account the length of marriage and the length of time wife has been with husband during his military career. It also considers the fact that husband will have to pay taxes on his retirement pay."

From this passage, it appears that the court assumed that, after his retirement, husband would meet his spousal support obligations with his pension income. On the basis of that conclusion, the judge apparently concluded that wife is not entitled to a portion of the pension. In *Bogh and Bogh,* 64 Or App 49, 53, 666 P2d 1375 (1983), we discussed this issue and concluded:

"* * * Husband's support obligation exists independently of his retirement benefits, and his income from employment, *not* future pension payments, is the source for making support payments. * * * If, at the time husband retires, it appears that his pension benefits *will* be the source of his support payments, he may seek an appropriate modification. * * *"

It is clear that husband's pension is to be considered in the property division independently from the question of spousal support. We conclude that wife should be awarded one-half of that portion of the pension accumulated during the marriage. Because the marriage spanned 86.26 percent[1] of husband's military career, wife is awarded 43.13 percent of husband's monthly pension payments as they become due, including any future cost of living increases.

Decree modified to award wife 43.13 percent of husband's periodic military pension payments;[2] affirmed in all other respects. Costs to wife.

---

[1] If husband retires on June 1, 1984, his career will have spanned almost 21 years and ten months, or approximately 262 months. The parties' marriage lasted slightly less than 19 years, or about 226 months. Thus, the parties were married during 86.26 percent of husband's career.

[2] In *McCarty v. McCarty,* 453 US 210, 101 S Ct 2728, 69 L Ed 2d 589 (1981), the Supreme Court ruled that military pensions were not subject to division in dissolution proceedings. We noted in *Wood and Wood,* 66 Or App 941, 676 P2d 338 (1984), that Congress overruled *McCarty* by enacting the Uniformed Services Former Spouses Protection Act (USFSPA), 10 USC 1401 *et seq* (1980). USFSPA allows a court to treat a military pension in accordance with the law of the jurisdiction in which it is sitting. 10 USC 1408(c)(1). It also provides the option of direct payments to the former spouse from the pension account, but a marriage must have spanned at least ten years of a military career before the direct payment provisions may be utilized. 10 USC 1408(d)(2); *Wood and Wood, supra.*