**In re Robert James MANNERS, Debtor.**

**June Marie MANNERS, Plaintiff,**

v.

**Robert James MANNERS, Defendant.**

**Bankruptcy No. 285–00303.**

**Adv. No. 285/0053.**

United States Bankruptcy Court, D. Montana.

July 10, 1986.

Gregory E. Paskell, Kalispell, Mont., for debtor.

Randy Cox, Missoula, Mont., for plaintiff.

ORDER

JOHN L. PETERSON, Bankruptcy Judge.

The Debtor Robert Manners was married to June Marie Manners and divorced by final Decree of Dissolution dated November 27, 1984, in the Coos County Circuit Court of the State of Oregon. The Plaintiff, as former wife, filed a complaint pursuant to Bankruptcy Rule 7001 seeking a determination that attorneys fees and court costs in the sum of $5,641.95 and $506.75 awarded to the Plaintiff are non-dischargeable under Section 523(a)(5) of the Bankruptcy Code, 11 U.S.C. § 523(a)(5),[1] as well as pension benefits derived from the Debt-

---

1. The complaint also included an allegation that the scheduled debts of the Defendant included $1,867.65 due Plaintiff as spousal support. De-

fendant Debtor concedes such amount is non-dischargeable under Section 523(a)(5).

or's military service. After answer by the Debtor, the matter was submitted to the Court on briefs since the material facts are not in dispute.

During the course of the Oregon divorce proceedings and before a final Decree of Dissolution was entered, a major issue developed between the parties as to the proper treatment of the Debtor's military pension. That matter was resolved on appeal in the Oregon Court of Appeals, as reported in *Manners v. Manners*, 68 Or.App. 896, 683 P.2d 134 (1984). That decision, in pertinent part for this opinion, holds:

"We have examined every assignment of error but find that the only issue that warrants discussion is wife's contention that she is entitled to a share of the military pension. In general, a spouse is entitled to a half share of a pension accumulated during a marriage. (Citing cases).

\*    \*    \*    \*    \*    \*

\* \* \* In *Bogh and Bogh*, 64 Or.App. 49, 53, 666 P.2d 1375 (1983), we discussed this issue and concluded:

'\* \* \* Husband's support obligation exists independently of his retirement benefits, and his income from employment, *not* future pension payments, is the source for making support payments \* \* \*. If, at the time the husband retires, it appears that his pension benefits *will* be the source of his support payments, he may seek an appropriate modification \* \* \*.'

It is clear that husband's pension is to be considered in the property division independently from the question of spousal support. We conclude that wife should be awarded one-half of that portion of the pension accumulated during the marriage. Because the marriage spanned 86.26 percent of husband's military career, wife is awarded 43.13 percent of husband's monthly pension payments as they become due including any future cost of living increases." Id. at 898–99, 68 Or.App. 896.

The appeal court affirmed the lower court in all other respects with costs to the wife.

In the lower court, the circuit court Judge held before the appeal:

"Since each party will be receiving one-half of the net proceeds from the sale of the property, each will have sufficient funds to pay their own attorney fees. Husband is not to receive any credit for the amount he has already paid toward wife's attorney fees and neither party is to receive costs in this proceeding."

When the case was remanded to the Circuit Court, a Final Decree of Dissolution was entered on November 27, 1984, wherein the court awarded the wife $5,000.00 for her attorney fees and the additional sum of $641.95 for her costs and disbursements on appeal. The Final Decree included custody and child support provisions, spousal support of $600.00 per month to June 1, 1984 and then $400.00 per month permanently, a division of the parties' real property, health insurance coverage for the child of the parties, and an allocation of the pension benefits pursuant to the appellate court decision. After the final decree was entered, the Plaintiff brought a contempt proceeding in the Oregon state court in which, after hearing, the court found the Defendant Debtor in arrears for his spousal support of $1,867.65 and attorney fees of $5,641.95 and granted her an additional $506.75 reasonable attorney fees and costs. Finally, on June 7, 1985, the parties entered a Stipulated Order in the divorce action modifying the Decree of November 27, 1984, by providing the pension payments were to be made directly to the wife from the U.S. Coast Guard and the Debtor would sign a voluntary allotment necessary to direct payment of the additional sum of 21.77% of Debtor's military retirement pay to pay the arrearage in the pension payments due the wife, her spousal support of $1,867.65, $5,641.95 for attorney fees and costs and the additional $506.75 for attorneys fees awarded in the contempt hearing. The Debtor filed a Chapter 7 Bankruptcy Petition on July 19, 1985, seeking to discharge the attorney fees, court costs and the military pension benefits.

The issue then is whether attorney fees and court costs awarded in the divorce proceeding together with the pension benefits are non-dischargeable under Section 523(a)(5) as being alimony, or maintenance for the spouse.

■ The pension benefits are property of the Plaintiff wife and not the Debtor. When the Oregon divorce court made an equitable division of the property rights of the Debtor and his ex-wife, her share of the pension benefits became her sole and separate property. It is not a debt as that term is defined in Section 101(11) of the Code because the liability for payment of her interest in the pension rests with the United States, not the Debtor. Thus, it is non-dischargeable. *In Matter of Hall*, 51 B.R. 1002 (D.C.Ga.1985); *In Re Teichman*, 774 F.2d 1395, 1398 (9th Cir.1985). Even if it were a debt, I would hold under the facts of this case that the pension award was in the nature of support and is thus non-dischargeable under Section 523(a)(5).

■ On the issue of non-dischargeability of any claim for alimony or support, federal law governs the characterization of such claim for the purpose of determining dischargeability. *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984). Whether attorney's fees arising from a divorce action are non-dischargeable is determined on the basis of whether such fees and costs are in the nature of support for the wife or children. The record here is confusing on the issue because the trial court first found that the property divided between the parties was sufficient to allow each party to pay their own fees, yet the final decree, after remand on all issues, made an award of fees to the wife as well as settling support payments and property rights. The language from the case of *Pauley v. Spong*, 661 F.2d 6, 8, 11, 8 B.C.D. 150, 151, 154, 5 C.B.C.2d 242 (2nd Cir.1981) reflects the proper law on the subject.

"In 1978 Congress enacted Pub.L. No. 95–598 92 Stat. 2549, sometimes referred to as the 'Bankruptcy Reform Act of 1978', which provides that a discharge under the act would not discharge an individual debtor from any debt—

(5) to a spouse, or former spouse, for alimony to, maintenance for, or support for such spouse or both, in connection with a separation agreement, divorce decree or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support. 11 U.S.C. 523(a)(5).

\* \* \* \* \* \*

We conclude that it would be exalting form over substance to fail to treat appellee's agreement to pay his wife's counsel fee as a 'debt ... to a spouse ... for alimony ... maintenance ... or support', and that, therefore, it is non-dischargeable in bankruptcy. For holdings in accord, see *In Re Whitehurst*, supra, 10 B.R. at 229, [ (Bankr.Fla.1981) ], *In Re French*, supra, 9 B.R. [464] at 467–69 [ (Bankr.S.D.Cal.1981) ]; *In Re Demkow*, 8 B.R. 554, 555 (Bankr.N.D. Ohio 1981); *In Re Wells*, supra, 8 B.R. [189] at 193 [ (Bankr.N.D.Ill.1981) ]; *In Re Bell*, supra, 5 B.R. at 653 [ (Bankr.W.D.Okl. 1980) ]; *In Re Pelikant*, supra, 5 B.R. at 407–08 [ (Bankr.N.D.Ill.1980) ]."

The case of *In Re Tessler*, 44 B.R. 786, 787–88 (Bankr.S.D.Cal.1984) also recites the applicable law:

"This court has previously ruled that counsel fees awarded pursuant to a husband's obligation of support and maintenance are non-dischargeable under the authority of Section 523(a)(5). *In Re French*, 9 B.R. 464 (S.Cal.1981); See *In Re Homyak*, 40 B.R. 99, 103 (S.N.Y. 1984); *Jones v. Tyson*, 518 F.2d 678, 680–81 (9th Cir.1978) (Bankruptcy Act Case).

\* \* \* \* \* \*

Further, carving out another basis to relieve the debtor of his obligations in this area could have the unfortunate effect of encouraging the Debtor to neglect his duties to his ex-spouse, so that she may be denied the future services of an attorney. See *In Re Brace*, 13 B.R. 551, 554 (N.D. Ohio 1981); *Matter of O'Leary*, 20 B.R. 79, 81 (E.Cal.1982)."

The attorneys fees in this Oregon divorce were made as much on the basis of the spousal awards as it was on the basis of the property settlement. Certainly, the last award of $506.75 was based on the wife's necessity to seek court relief to force the Debtor to pay the support award as the pension matter had been settled by the appellate court. I find, therefore, the attorney fees and costs were awarded to the wife to enforce the Debtor's support obligations, and were in the nature of support. Thus, each award of attorney fees is non-dischargeable under Section 523(a)(5) of the Code.

IT IS ORDERED that judgment shall be entered for the Plaintiff June Marie Manners and against the Defendant Robert James Manners as follows:

1. The amount of attorneys fees in the sums of $5,641.75 and $506.75 are non-dischargeable under Section 523(a)(5) of Title 11.

2. 43.13% of the Debtor's military pension benefits from the U.S. Coast Guard are non-dischargeable as being separate property of the Plaintiff.