Ricky Gayle PARKER,
Appellant (Plaintiff),

v.

Gregoria PARKER, Appellee
(Defendant).

No. 87–208.

Supreme Court of Wyoming.

Feb. 26, 1988.

David L. Serelson, Cheyenne, for appellant.

Daniel G. Blythe, Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

In divorce decree, the trial court awarded defendant wife (appellee) stated monthly alimony as long as the husband (appellant) remained in active military service, and thereafter, one-half his retirement pay subject to his death or her remarriage. We affirm.

Appellant contends:

"THE DISTRICT COURT'S AWARD TO APPELLEE OF HALF OF APPELLANT'S MILITARY RETIREMENT IS IN VIOLATION OF THE UNIFORMED SERVICES FORMER SPOUSES PROTECTION ACT AND SHOULD BE VACATED,"

and

"THE APPELLANT'S FUTURE MILITARY RETIREMENT PAY IS FUTURE PROPERTY AND NOT PART OF THE MARITAL ESTATE IN THE HANDS OF THE COURT FOR DISPOSITION."

In briefs filed in this appeal, neither party cited *Broadhead v. Broadhead*, Wyo., 737 P.2d 731 (1987), which is dispositive of the second issue stated.

The record presents no transcript of evidence, so any statement of facts is cursory as gleaned from pleadings or extrapolated from briefs and is only usable to frame the issues presented. *Feaster v. Feaster*, Wyo., 721 P.2d 1095 (1986); *Nicholls v. Nicholls*, Wyo., 721 P.2d 1103 (1986). Similar to *Nicholls*, pursuant to Rule 4.03, W.R.A.P., appellant filed a very brief, five-paragraph "statement of the evidence or proceedings." Appellee responded by objection and proposed amendment to statement of evidence by seven numbered paragraphs comparable to a pleading, and 16 additional paragraphs involving contended facts of the marriage. Apparently, however, nothing was done by either party to attempt to obtain a settlement of the record and trial evidence by the trial court pursuant to Rule 4.03. Since appellant does not afford any statement of facts, except for recitation of pleadings in his brief, we can only suspect that the trial

court was presented with the case of a Philippine war bride who married appellant while he was in the military service.

The question presented to this court is whether the ameliorative effect of the Uniformed Services Former Spouses Protection Act (in unrefinable acronym, USFSPA), as enacted by Congress to respond to the United States Supreme Court decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) as 10 U.S.C. § 1408, affords protective assistance of state-court jurisdiction to the divorced spouse if a marriage of less than ten years existed.

In *McCarty*, as a preemption decision, the United States Supreme Court had denied jurisdiction to state-court divorce proceedings for application to military service pensions. The results of USFSPA, which was promptly enacted as a Congressional reaction, has been variously characterized by a number of subsequent state court decisions, which essentially reach the same practical result. As stated in committee proceedings, the federal law was clearly intended to restore state law and authority for divorce-court consideration of military retirement benefits as applied to alimony, child support or property settlement. See 3 U.S.Code, Congressional and Administrative News, 97th Congress Second Session 1982, at 1555, 1596.[1]

The 1982 Congressional enactment, 10 U.S.C. § 1408, provided a limitation in subsection (d)(2):

"If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a

period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired or retainer pay of the member as property of the member or property of the member and his spouse,"

and then further provided in subsection (e)(6):

"Nothing in this section shall be construed to relieve a member of liability for the payment of alimony, child support, or other payments required by a court order * * *."

Left to be determined by interpretation of both provisions is whether the tenure limitation affixes all divorce-court jurisdiction or conversely only limits direct-payment processes of the service.

The contention of appellant as a request for application of the first alternative is not supported in brief by any case authority and only by recitation of the statutory section. Appellee relates facts which are not of record, and cites two cases, *Grant v. Grant*, 9 Kan.App.2d 671, 685 P.2d 327 (1984), and *In re Marriage of Bedwell*, Mo.App., 626 S.W.2d 455 (1981). *Bedwell* has no relevancy to the issue as stated, nor does *Grant*, which is otherwise contrary in result to *Broadhead v. Broadhead*, supra.

In direct application of the federal statute, and particularly subsection (d)(2), it is clear that the ten-year threshold serves as a limitation only upon *direct payments* made to the former spouse pursuant to a court order served upon the secretary.

---

1. "The primary purpose of the bill is to remove the effect of the United States Supreme Court decision in *McCarty v. McCarty*, 453 U.S. 210 [101 S.Ct. 2728, 69 L.Ed.2d 589] (1981). The bill would accomplish this objective by permitting Federal, State, and certain other courts, consistent with the appropriate laws, to once again consider military retired pay when fixing the property rights between the parties to a divorce dissolution, annulment or legal separation."

Characterizations in the more recent state cases include: ameliorate, *In re Marriage of Harmon*, 184 Cal.App.3d 754, 217 Cal.Rptr. 329 (1985); obliterate, declare null and void, *Smith v. Smith*, Del.Fam.Ct., 458 A.2d 711 (1983); pro-

hibition removed, *Koenes v. Koenes*, Ind.App., 478 N.E.2d 1241 (1985); restore state law, *Matter of Marriage of Wood*, 66 Or.App. 941, 676 P.2d 338 (1984); override, *McBride v. McBride*, 112 Idaho 959, 739 P.2d 258 (1987); remove the effect—restore the law of the state and remove obstacles state courts may incur in applying their state law, *Casas v. Thompson*, 42 Cal.3d 131, 228 Cal.Rptr. 33, 720 P.2d 921, cert. denied, — U.S. ——, 107 S.Ct. 659, 93 L.Ed.2d 713 (1986); erase all memory, *Koepke v. Koepke*, Tex., 732 S.W.2d 299 (1987); need no longer be treated differently from nonmilitary pensions, *Taylor v. Taylor*, 217 Neb. 409, 348 N.W.2d 887 (1984); explicitly nullify, *Matter of Marriage of Smith*, 100 Wash.2d 319, 669 P.2d 448 (1983).

That provision does not mandate denial of the application of state law to military pensions which might otherwise similarly be applied to other kinds of retirement benefits, see *Broadhead v. Broadhead,* supra, and does not apply to an allocable obligation of the spouse for payment of alimony, child support, or other payments established by state court divorce or custody decisions. Without the ten-year marriage, the service will not disburse directly to the benefitted spouse, but other payment responsibilities are not denied by the preclusive effect of federal law, which could involve future modification in a change-of-circumstance context. Cf. *Johnson v. Johnson,* Wyo., 717 P.2d 335 (1986).

Among the multitude of cases considering USFSPA, see Annot., 10 U.S.C.A. § 1408, and to be identified by Shepardization of McCarty, supra, the presently unanimous authority which directly addresses the issue recognizes that the ten-year limitation only applies to the direct-pay process. The legislative history was closely considered and clearly recited in *In re Marriage of Beltran,* 183 Cal.App.3d 292, 227 Cal.Rptr. 924, 927 (1986):

> " * * * The 10–year requirement was not included in the Senate's version of the bill, despite urgings from the Department of Defense that a minimum of 15 years should be required to assure that a spouse had made a major contribution toward the member's career. * * * The House amendment permitted retirement pay to be considered property only if the marriage lasted at least 10 years. * * *
> In conference, the 10–year duration restriction was eliminated, but subsection (d)(2) was added. The conference report explains: '*direct* payments by the service finance centers to a former spouse from the member's retired pay ... would be limited to situations in which the former spouse was married to the member for at least 10 years....' * * *."

Other cases considering the subject and similarly resolved include *Matter of Marriage of Wood,* 66 Or.App. 941, 676 P.2d 338 (1984); *Oxelgren v. Oxelgren,* Tex. App., 670 S.W.2d 411 (1984).

"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981 either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1) (1982).

See also *In re Marriage of Kecskes,* Mont., 683 P.2d 478 (1984).

We find no abuse of discretion of the trial court on the record presented as the test for reversal on appeal. *Martin v. State,* Wyo., 720 P.2d 894 (1986).

From the appeal record and appellate brief as unsupported by citation of case authority, this court will not certify reasonable cause for appeal. Rule 10.05, W.R. A.P., effective July 16, 1986. However, absent a request from appellee, and considering the general status presented of a properly litigable issue not previously considered by this court, no adverse certification or award of attorney's fees will be made.

Affirmed.