Argued and submitted March 17, affirmed April 26, 1989

In the Matter of the Marriage of

DEE,
nka McDonald,
*Respondent,*
*and*

DEE,
*Appellant.*

(CC82-358; CA A48133)

772 P2d 404

Nicholas D. Zafiratos, Astoria, filed the brief for appellant. With him on the brief was Zafiratos & Roman, Astoria.

Philip L. Nelson, Astoria, filed the brief and argued the cause for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Husband appeals an amended dissolution judgment awarding wife 36 percent of husband's military pension. We affirm.

The parties were married in 1966 and divorced in September, 1982, by a default judgment after husband failed to appear. The trial court awarded wife the family home and custody of their five children. It ordered husband to pay $125 per month for each child. At the time of the dissolution, husband was receiving a military pension of approximately $700 a month from the Coast Guard. The trial court awarded all of the pension to husband.

Although military pensions had traditionally been considered marital property in Oregon, in *McCarty v. McCarty,* 453 US 210, 101 S Ct 2728, 69 L Ed 2d 589 (1981), the United States Supreme Court held that military benefits were not subject to division in dissolution proceedings and that they were the separate property of the military spouse. *See Wood and Wood,* 66 Or App 941, 943, 676 P2d 338 (1984). In September, 1982, Congress, in effect, overruled *McCarty* by enacting the Uniformed Services Former Spouses Protection Act, 10 USC § 1401 *et seq,* which allows a court to treat a military pension in accordance with the law of the jurisidiction in which it is sitting. 10 USC § 1408(c)(1). *Wood and Wood, supra,* 66 Or App at 943-44. Thereafter, the Oregon legislature enacted *former* Oregon Laws 1987, chapter 188, section 1, (chapter 188) which provided:

"(1) A decree of marital annulment, dissolution or separation that became final on or after June 25, 1981, and before February 1, 1983, may be modified to include a division of military retirement benefits payable on or after February 1, 1983. The decree shall be modified in a manner consistent with federal law and the laws of this state as they have existed since February 1, 1983.

"(2) Modification of a decree under this section may be granted whether or not the decree expressly reserved the pension issue for further determination, omitted any reference to a military pension or assumed in any manner that military pension benefits were not, as of the date on which the decree became final, divisible marital property.

"(3) Any proceeding to modify a decree of marital annulment, dissolution or separation under this section shall be commenced before January 1, 1989.

"(4) This section shall remain in effect only until January 1, 1989."

In November, 1987, wife moved to amend the dissolution judgment to award her part of husband's military pension pursuant to chapter 188. The trial court granted her motion and awarded her 36 percent of the pension under the formula in *Manners and Manners,* 68 Or App 896, 899, 683 P2d 134 (1984). It also held that wife should retain the family home and inherited property in Arkansas that had been placed in her name after the dissolution.

■ Husband contends that the dissolution judgment was a "contract" between the parties and that chapter 188 impairs the obligations of that "contract" in violation of Article I, section 21, of the Oregon Constitution, which states, in part, that "[n]o * * * law impairing the obligation of contracts shall ever be passed * * *." Husband does not contend that the judgment incorporated a property settlement agreement of the parties. *See In Re Marriage of Barnes,* 43 Cal 3d 1371, 240 Cal Rptr 855, 743 P2d 915 (1987). He argues, instead, that wife's petition constituted an offer to contract and that he accepted that offer by not contesting the terms of the petition and by allowing a default judgment to be entered.

We need not address the constitutional argument, because we conclude that there was no contract. Wife's petition for dissolution was not an offer to contract with husband. *See Klimek v. Perisich,* 231 Or 71, 78, 371 P2d 956 (1962). She was entitled to a dissolution and a distribution of the parties' property whether or not husband agreed. *See* ORS 107.025(1) and ORS 107.105(1)(f).

■ Husband also contends that, if the court had the authority to re-open the original judgment and to award wife a portion of his pension, then it must also have the authority to modify the property division further. He contends that the trial court erred in not awarding him one-half of wife's inheritance.

In a domestic relations case, a trial court has only the authority granted by statute. *Spady v. Graves,* 307 Or 483, 488,

770 P2d 53 (1989). Unlike the modification of spousal or child support provisions,[1] the court does not have authority under ORS 107.135(1)(a) to modify the property division in a dissolution judgment. 307 Or at 488. Although chapter 188 allows a court to modify the distribution of military benefits made in an original judgment, it does not authorize it to modify the distribution of other property in that judgment. In the absence of statutory authority, the trial court did not have the power to modify the original property division further, and it did not err in concluding that wife was entitled to retain the family home and the Arkansas property.[2]

Affirmed. Costs to wife.

.

---

[1] Husband does not contend that the award of support should be modified, because his income will be reduced by the award of pension benefits to wife.

[2] Husband's third assignment of error is without merit.