Argued and submitted June 17, affirmed as modified on appeal; affirmed on cross-appeal; respondent's motion for penalty denied September 11, reconsideration denied November 6, petition for review denied November 26, 1991 (312 Or 525)

In the Matter of the Marriage of

Susan Diane MAIDEL,
*Appellant - Cross-Respondent,*
*and*

Paul Albert MAIDEL, Jr.,
*Respondent - Cross-Appellant.*

(9001-60615; CA A67518)

816 P2d 1206

Philip G. Cobb, Portland, argued the cause and filed the brief for appellant - cross-respondent.

Ronald A. Johnston, Portland, argued the cause and filed the brief for respondent - cross-appellant.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Wife appeals the distribution of property and the award of spousal support to husband in this dissolution of a 17-year marriage. Wife is 41 years old and is employed by the Defense Department as a social worker. She has two masters degrees that husband helped to finance during the marriage. Husband is 43 years old. He took voluntary retirement from the army in November, 1989, after 20 years of service. During his military career he processed claims and performed paralegal or legal clerk jobs. He has a 10 percent disability for chronic back problems and a 10 percent disability for hearing loss. He testified that he is under psychological treatment for post-traumatic stress syndrome relating to his combat duty in Vietnam and for depression. He has not worked nor sought employment since his retirement. At the trial, he testified that he had enrolled at a community college in September, 1990, although he had paid no fees as of the date of trial. He testified that he would like to pursue a masters degree, which would permit him to teach and do counseling at a civilian school connected with the Defense Department.[1]

The parties were married in 1972 and frequently lived overseas. Since the early 1980's, they have shared a household only for brief periods of time. In 1981, they purchased a house in Portland, where wife lived while attending Portland State University and where husband lived immediately prior to the dissolution. The house was sold for less than the existing debt. Wife paid the remaining joint obligation. Apart from two vehicles, the only assets are the parties' pension plans or retirement accounts. Wife's expert testified that the present value of husband's pension was $143,283 and that wife's annuity was worth $19,000.

Wife's net monthly income is $2,300; husband's net monthly income is $768, which is entirely from retirement and disability pay. Husband testified that he is qualified for an additional $488 each month for 36 months from the G.I.

---

[1] Husband's testimony about his educational plans was not without ambivalence:

"Q Would you get burned out at community college?

"A I'm not sure, I'm really not sure. At this time in my life I've got a great deal of reservation about going back and becoming an old dog on the track. I really do."

Bill, if he attends school. There is some possibility that that educational assistance could be extended.

The trial judge awarded each party a vehicle and the pension account in the party's name. It ordered wife to pay spousal support of $300 per month for 36 months and $200 per month for an additional 12 months. Wife argues that the trial court erred in failing to divide husband's pension between the parties and in requiring her to pay spousal support in light of husband's ability to work.[2]

■■ Wife is correct that a pension, including a military pension, accumulated during the marriage is a marital asset that is subject to division. *Wood and Wood,* 66 Or App 941, 676 P2d 338 (1984). However, under these facts, we conclude that the trial court did not err in awarding husband's pension to him. The monthly pension is husband's sole income. Additionally, the parties have lived virtually separate lives for about one half of their marriage. By treating the pension as monthly income, the trial court effectively extricated the parties from each other without the need for long-term spousal support.[3]

■ By the same token, however, we conclude that the trial court erred in awarding husband spousal support. The evidence does not support the conclusion that spousal support is required to enable husband to be self-supporting. He is young and, while he has some medical problems, he admitted that no doctor has placed limitations upon work. He has chosen to return to school for a new career instead of marketing the skills he used in the military or building on them for civilian employment, and is eligible for additional benefits while he attends school. Those facts, together with his receipt of over 90 percent of the marital assets, make an award of spousal support inappropriate. *See Van Ras and Van Ras,* 38 Or App 103, 589 P2d 1131 (1979).

■ We find no error in the trial court's requiring wife to pay the entire obligation remaining after the sale of the home, or in the award of attorney fees to husband. Because of our

---

[2] An equal division of the pensions would award wife $433 per month for husband's life or a present value of $62,141 in addition to her pension benefits.

[3] Wife recognized the equity of this division by asking for it in her petition.

disposition, we need not consider husband's cross-appeal. His motion for a 10 percent penalty against wife for bringing the appeal is denied.

On appeal, judgment modified to eliminate award of spousal support to husband; otherwise affirmed; affirmed on cross-appeal; respondent's motion for penalty denied. No costs to either party.