T.C. Summary Opinion 2001-69


UNITED STATES TAX COURT


MARSHA K. HUGGINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4878-00S.                    Filed May 14, 2001.


Marsha K. Huggins, pro se.

<u>Ralph W. Jones</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year at issue.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $1,363 in petitioner's Federal income tax for taxable year 1997. The sole issue for decision is whether petitioner is entitled to exclude from income, the payments she received from a former spouse incident to a divorce proceeding.

This case was submitted fully stipulated without trial under Rule 122. The accompanying exhibits are incorporated herein by reference.

## Background

Petitioner resided in Astoria, Oregon, at the time her petition was filed in this case.

Petitioner's marital relationship with her former husband was dissolved by a decree of dissolution of marriage (decree) by the Circuit Court of the State of Oregon, the final and effective date of which was January 18, 1986. The decree includes a provision providing that her former husband will pay to her "a sum of money equaling one-half of monthly net amount, after deductions for federal and state taxes, of the U.S. Coast Guard retirement pension received by [petitioner's former husband]. Payment to [petitioner] shall not be included as taxable income to [petitioner], nor shall such payments be deductible by [petitioner's husband]." The decree directs that the payments be made directly to petitioner and continue until the mortgage on

the marital home is paid, or the marital home is sold, or foreclosed upon by the mortgage holder.

During 1997, petitioner received the court-ordered payments directly from the U.S. Coast Guard.[1] Petitioner filed timely a Federal income tax return for 1997 that did not report as income the receipt of the payments she received under the decree.

On January 21, 2000, the Internal Revenue Service (IRS) received an amended tax return from petitioner reporting total pensions and annuities of $6,563 but showing the taxable amount as zero.

## Discussion

Respondent determined in the statutory notice of deficiency that petitioner must include in income the payments received from the U.S. Cost Guard as a result of the decree. Respondent argues that what petitioner got under the decree "is simply a right to receive a future stream of income".

Under the law of Oregon, the court may issue a decree of marital dissolution which provides for the division, or other disposition between the parties, of their real or personal property "as may be just and proper". Or. Rev. Stat. sec. 107.105(f)(1999), added to Or. Rev. Stat. in 1983; see Richardson

---

[1]By Federal statute, the payments end in accordance with the court order but not later than the date of death of the retiree or the former spouse to whom payments are being made. See 10 U.S.C. sec. 1408(d)(4) (1994).

v. Richardson, 769 P.2d 179, 183 (Or. 1989).  "A retirement plan or pension or an interest therein shall be considered as property."  Or. Rev. Stat. sec. 107.105(f) (1999).

The U.S. Coast Guard Retirement system is a "government pension plan".  31 U.S.C. sec. 9502(1)(B)(ii) (1994).  Under the authority of 10 U.S.C. sec. 1408(c) (1994), payment of retired or retainer pay in compliance with court orders, the State of Oregon may treat military[2] pension benefits as marital property.  See Valley v. Valley, 775 P.2d 332 (Or. Ct. App. 1989); Wood v. Wood, 676 P.2d 338 (Or. Ct. App. 1984).

Gross income includes income from pensions.  Sec. 61(a)(11); Singleton v. Commissioner, T.C. Memo. 1988-508.  In general, income is taxable in the year in which it is received.  See sec. 451(a).  Congress has provided specialized rules in the employees' plan area.  Under section 402(a)(1), the general rule is that a distribution from an exempt employees' trust (under a tax-qualified employees' plan) is taxed to the "distributee" under section 72, which generally provides for current taxation of distributions as ordinary income.

The statute does not define the word "distributee" as used in section 402(a)(1); neither do the regulations.  The Court has concluded that a distributee of a distribution under a plan

---

[2]The Coast Guard is a military service and a branch of the armed forces of the United States at all times.  See 14 U.S.C. sec. 1 (1994).

ordinarily is the participant or beneficiary who, under the plan, is entitled to receive the distribution. See <u>Darby v. Commissioner</u>, 97 T.C. 51, 58 (1991); <u>Estate of Machat v. Commissioner</u>, T.C. Memo. 1998-154; <u>Smith v. Commissioner</u>, T.C. Memo. 1996-292.

Section 402(e)(1)(A), however, provides an exception to this general rule. Section 402(e)(1)(A) provides that an "alternate payee", who is the spouse or former spouse of the plan participant, shall be treated as the distributee of any distribution or payment made to the "alternate payee" under a "qualified domestic relations order" (QDRO) as defined in section 414(p). Therefore, a distribution made to such an alternate payee under a QDRO will be taxable to that alternate payee, and not to the plan participant, because section 402(e)(1)(A) treats the alternate payee as the distributee.

As originally enacted, the QDRO rules did not affect governmental plans. See H. Rept. 101-247, 1443 (1989). In 1989, however, Congress amended the tax rules relating to governmental plans to conform them to the qualified plans discussed above, applying the QDRO rules to distributions from governmental plans. Omnibus Budget Reconciliation Act of 1989 (OBRA), Pub. L. 101-239, sec. 7841(a)(2), 103 Stat. 2427-2428.

Section 414(p)(11) is applicable to transfers of marital interests after the date of enactment of OBRA, December 19, 1989,

for tax years ending after the date of enactment.  See OBRA sec.
7841(a)(3), 103 Stat. 2428.  The court order in this case was
issued in 1985; it precedes the effective date of section
414(p)(11) and cannot qualify as a QDRO.

The decree provided that petitioner is to receive a "sum of
money equaling one-half" of her former spouse's Coast Guard
retirement pension, after deduction of Federal and State taxes,
and that such amount is not to be taxable income to her or
deductible by her former spouse.  The language of the court's
direction that the amount not be taxable to petitioner or
deductible by her former spouse disqualifies the payments from
being considered as alimony.  See sec. 71(b)(1)(B).  The payments
are to continue until the mortgage is paid or the house is sold.
The payments constitute a division of marital property.  Estate
of Goldman v. Commissioner, 112 T.C. 317, 323-324 (1999), affd.
without published opinion sub nom. Schutter v. Commissioner, 242
F.3d 390 (10th Cir. 2000).

The language of the decree also meets the requirement of 10
U.S.C. sec. 1408(a)(2)(C) (1994) for direct payment to petitioner
out of the retired pay of petitioner's former spouse:

> in the case of a division of property, [the court
> order] specifically [provides] for the payment of an
> amount, expressed in dollars or as a percentage of
> disposable retired pay, from the disposable retired pay
> of a member to the spouse or former spouse of that
> member.  [Emphasis supplied].

The Supreme Court in McCarty v. McCarty, 453 U.S. 210 (1981), held that Federal statutes governing military retirement pay prevented State courts from treating military retirement pay as community property.  In direct response to McCarty, Congress in 1982 enacted the Uniform Services Former Spouses' Protection Act (Act), 10 U.S.C. sec. 1408 (1994).  Although enacted to authorize State courts to treat "disposable retired or retainer pay" of a member of the Armed Forces as community property, the language also covers property divisions in common law, or equitable distribution states.  See Mansell v. Mansell, 490 U.S. 581, 584 n.2 (1989); see S. Rept. 97-502 at 2-3.

For purposes of the Act, the term "disposable retired pay" means the monthly retired pay "to which a member is entitled" less stated amounts.[3]  10 U.S.C. sec. 1408(a)(4) (1994).  The term "spouse or former spouse" means the husband or wife or former spouse of a member who was married to the member before the court order.  10 U.S.C. sec. 1408(a)(6) (1994).  Under 10 U.S.C. sec. 1408(c)(2) (1994), payments to a spouse "with respect to a division of retired pay as the property of a member and the member's spouse under this subsection may not be treated as

---

[3]The definition of "disposable retired pay" under 10 U.S.C. sec. 1408(a)(4) (1982), changed after the date of the decree. See National Defense Authorization Act for Fiscal Year 1991, Pub. L. 101-510, sec. 555(b), (e)(2), 101 Stat. 1569-1570.

amounts received as retired pay for service in the uniformed services."

The above referenced language of the Act leads to the conclusion that although a State court "may treat disposable retired pay payable to a member" as property of the member and his spouse for State law purposes, the retired pay is that of the member. The Act itself does not give the former spouse an interest in the retired pay. Here, the court ordered payments to petitioner out of the disposable retired pay of her former spouse. The decree did not, and could not, make her the recipient of "retired pay". See 10 U.S.C. sec. 1408(c)(1) and (2) (1994). Petitioner received a division of property in the form of monthly payments. This was not a taxable event. See sec. 1041.

As Oregon is not a community property State,[4] the decree here did not have the effect of dividing a preexisting community ownership of the retired pay of petitioner's former spouse. See Powell v. Commissioner, 101 T.C. 489, 497-499 (1993); Darby v. Commissioner, 97 T.C. 51, 67 (1991). Because the retired pay, out of which petitioner received her payments, is that of petitioner's former spouse, he remains taxable on his retired

---

[4]See, e.g., Swan v. Swan, 720 P.2d 747, 752 (Or. 1986); Wood v. Wood, 676 P.2d 338, 340 (Or. Ct. App. 1984).

pay.  See sec. 61(a)(11); <u>Jones v. Commissioner</u>, 82 T.C. 586 (1984).

Respondent's position is not sustained, and petitioner may exclude from income amounts received in 1997 as a division of property incident to divorce.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for petitioner</u>.