Argued and submitted May 23, affirmed as modified July 27, 1983

In the Matter of the Marriage of

BOGH,
*Respondent,*

*and*

BOGH,
*Appellant.*

(D8104-62722; CA A26347)

666 P2d 1375

Elizabeth Welch, Portland, argued the cause for appellant. With her on the brief was Doblie, Francesconi & Welch, P.C., Portland.

Deborah L. Le Meitour, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

■ Husband appeals from a decree of dissolution, seeking (1) a reduction of his monthly child and spousal support obligation and (2) a modification of the division of assets. Although we review *de novo* on the record, our role is not to substitute our preferences for those of the trial court. On the other hand, when we are convinced that the trial court has made a mistake, our responsibility is to correct it. Here, the trial court erred in its division of the parties' property.

This is a 27-year marriage. Husband is 55; wife is 47. Husband has been a brick mason for 31 years. Wife is a homemaker and has not been employed during the marriage. The parties' five children are all over the age of majority. Of the three children who live with their mother, two are full-time college students and are the objects of husband's child support obligation. One, a daughter, is paying her own tuition. She will be 21 in December, 1983. The other, a son, has a job but needs money for transportation and books. He will be 21 in January, 1985. There is also a 23-year-old son at home who is neither in school nor working.

The trial court awarded wife permanent spousal support of $500 per month and $200 per month per child for the two students. While acknowledging that this is an appropriate case for permanent spousal support, husband argues that the support award is excessive and requests a reduction of his total support obligation to no more than $600. He does not explain what allocation should be made between child support and spousal support. Wife's budget for herself and the children in her home is $900 per month. Husband contends that, if the true function of alimony is to aid the supported party in achieving self-sufficiency, a "100% subsidy is not justifiable." He points to his declining income as a bricklayer and asserts that the $900 award is "punitive," because it leaves him with "less than bare subsistence."

Wife has been unable to find work since the parties' separation. She has an associate degree from a community college and needs 36 credits for a bachelor's degree. She plans to attend Portland State University and get her degree in one year, while working part-time. Husband's earnings for the last three years are: $31,000 in 1980, $21,226 in 1981 and $17,000 in

1982 (not including two months of unemployment compensation) up to the time of the September hearing. He works on an "on-call" basis through a construction firm in the Seattle area. In August, the month immediately preceding the hearing, husband acknowledged that work was getting "pretty good."

■■ An award of spousal support should not be determined in a vacuum but together with the property division, *see Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977), and the provisions for child support. *See Grove and Grove,* 280 Or 341, 571 P2d 477 (1977); *see also* ORS 107.105(1)(c). Support payments for the older child will end in December of this year, and for the younger child in January, 1985. Furthermore, as discussed below, we modify the property division to provide for a $5,000 judgment in favor of husband. We also note that husband's income prospects are improving. Given these factors and our review of the entire record, we will not disturb the support award.

The court awarded the marital property as follows: wife received the family home (representing an equity of $41,873), an income tax refund of $1,190, a $10,000 Treasury Bill, an interest-bearing fund of $4,980 and personal property worth $500 (according to wife) or $5,000 (according to husband). Husband was awarded the parties' other $10,000 Treasury Bill, life insurance policies with a cash value of $10,034, a $1,700 vacation fund, vehicles worth $2,250 (according to husband) or $2,900 (according to wife), husband's union retirement plan, which has a present value of $12,783, certain items of personal property and all cash on hand. In making this division, the trial court stated that it was attempting * * * to disentangle the affairs of the parties" and "to leave everybody walking away with something * * *."

In seeking a modification, husband makes three arguments. *First,* he challenges the trial court's use of the "present value" of his pension plan in determining the property division. *Next,* he charges that consideration of such benefits constitutes "double dipping," when an award of permanent spousal support has also been made. *Finally,* he contends that the award of more than one-half of the marital assets to wife is unjustified.

■ Husband's pension plan is vested. At age 65, he will be entitled to begin receiving monthly benefits and receive them

for life. At the hearing, wife offered, without objection, evidence that the present value of the plan is $12,783. Husband does not challenge that valuation but instead argues in effect that, because the asset is presently "non-liquid," reduction of the "present value" by some unstated amount is appropriate. Retirement benefits are assets to be considered in arriving at a division of property. *See Rogers and Rogers,* 45 Or App 885, 893, 609 P2d 877, *modified* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), *modified* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981), and on this record we find no error in the trial court's use of the valuation of husband's plan submitted by wife.

■■ We also reject husband's contention that the consideration of his pension plan in the division of assets amounts to "double dipping." Husband's support obligation exists independently of his retirement benefits, and his income from employment, *not* future pension payments, is the source for making support payments. Although a different type of retirement fund was involved in the case, the principles stated by the court in *Franzke and Franzke,* 292 Or 110, 120, 637 P2d 595 (1981), are applicable here:

> "In our view, the question to be decided in such a case is not whether an award of permanent support to the wife will result in such a 'double benefit' to the wife. Instead, the questions to be decided in such a case are: (1) whether, considering all of the facts and circumstances, including that fact, an award of permanent support to the wife is appropriate, and (2) whether, if appropriate at the time of entry of the original decree of dissolution, there should be a modification of the terms of such a decree upon the retirement of the husband, *depending upon the circumstances of the parties at that time. Cf Rogers and Rogers, supra,* 896 n. 8." (Emphasis supplied.)

If, at the time husband retires, it appears that his pension benefits *will* be the source of his support payments, he may seek an appropriate modification. The alternatives to this solution are inequitable, *i.e.,* because of the possibility that ten years from now husband's sole income will be his monthly retirement benefits, the court would be required either to (1) decline to award permanent support, which the parties agree is proper here, or (2) refuse to consider vested retirement benefits with a present value of over $12,000 in dividing the marital assets.

In order to consider husband's contention that the property division is inequitable, we must know what portion of the marital assets each party received under the decree. On appeal, husband argues that he was awarded 37 percent and wife 63 percent of marital property worth a total of $100,160.[1] Wife asserts that the value of the property awarded is $95,672 and that the division was actually 40/60. The parties agree on the value of most of the assets. The primary reason for the difference between their figures is that husband's calculations include $4,500, representing the value of certain personal property awarded to wife, and wife does not consider that award at all.[2] The trial court made no findings as to the value of the personal property to be divided and declined to state the percentage of the total assets each received.

Our review of the testimony and exhibits reveals no competent evidence to support a finding that the personal property awarded to wife is worth $4,500 or any other amount. In addition, we note that husband also was awarded personal property that neither party considers in attempting to determine the total value of property each received. On this state of the record, we cannot attribute any particular value to the personal property awarded to either party, and those awards cannot be reviewed. Given the above, we find that husband was awarded property worth approximately $38,178, or 39 percent of the parties' total assets, and that wife was awarded property worth $58,543, or 61 percent of the assets.

■ In marriages of long duration, when one party's earning capacity is significantly lower than that of the other, the award of a "long half" of the marital assets to that party may be justified. *See Glatt and Glatt*, 41 Or App 615, 622, 598 P2d 1237 (1979). We conclude that wife's half is just too long.

The decree is modified to provide for a judgment in favor of husband in the amount of $5,000, with interest at 9 percent from the date of entry of the modified decree, to be paid either four years from the date the modified decree is entered or one year from the date wife completes her bachelor's

---

[1] These figures assume that the present value of husband's pension plan is included.

[2] The parties also disagree on the value of vehicles awarded husband and the amount of cash on hand he received.

degree program or upon sale of the residence, whichever occurs first. Affirmed as modified. No costs to either party.