Argued and submitted January 27, affirmed as modified May 17, 1989

In the Matter of the Marriage of
## MAHAFFEY,
*Respondent - Cross-Appellant,*
*and*
## MAHAFFEY,
*Appellant - Cross-Respondent.*
(CV 87 0421; CA A48647)
773 P2d 806

Thomas E. Elliott, Corvallis, argued the cause for

appellant - cross-respondent. With him on the brief was Eva-shevski & Elliott, Corvallis.

Larry W. Stuber, Corvallis, argued the cause for respondent - cross-appellant. With him on the brief were Patrick L. Hadlock and Ringo & Stuber, Corvallis.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Husband appeals from a dissolution judgment, contesting the trial court's award of spousal support and an interest in husband's pension benefits to wife. Wife cross-appeals. On *de novo* review, we modify the judgment and affirm as modified.

The parties were married 20 years. Husband is 45 years old, and wife is 41. They have three children, ages 20, 16 and 13. The 20-year-old attends college. Custody of the other two children was awarded to wife, subject to reasonable visitation by husband. Husband was required to pay wife $350 per month as spousal support for four years, plus child support of $280 per month per child.

Husband has been employed as a firefighter by the United States Forest Service for 27 years. He earns a base net pay each month of $1648 and can receive overtime pay during fire season. Wife has been employed throughout the marriage, and presently works as a medical office assistant. She receives net pay of $921 per month and has the use of a company car for her personal needs. The parties' residence is valued at $65,000 to $70,000. There is an outstanding mortgage of $36,000. The parties hope to realize $24,500 on the sale of the home.

Husband contributed to the United States Civil Service retirement plan continuously over the period of the marriage. About the time of the parties' separation, he paid $648 to obtain four years of retirement credit for his military service. He must retire at age 55 because of his occupation as a firefighter. If he retires before age 50, the plan will not begin to pay benefits until age 62. If he retires at age 50 or after, the plan will pay benefits immediately. Before the dissolution, husband contemplated that he would retire at age 50, because the economic benefit of his continuing to work begins to decrease at age 53.

The trial court ordered that the house be sold and the proceeds divided equally. The court also awarded wife an interest in husband's retirement benefits, requiring that a fraction of the benefits be paid to wife as husband receives them. Husband argues that the court's formula would

improperly result in wife receiving a fractional interest in benefits that he will earn subsequent to the dissolution.

■    Retirement benefits are property subject to distribution in a dissolution proceeding. ORS 107.105(1)(f). Husband's retirement plan is a vested, non-mature defined benefit plan, meaning that he must attain a certain age before he is eligible to draw benefits but that he is then entitled to a monthly retirement check, the amount of which is based on his length of service as a firefighter and the average of his three highest salary years. The general method of valuing a defined benefit plan is to determine its actuarial present value, based on the contributions made during the marriage. *Richardson and Richardson,* 307 Or 370, 378, 769 P2d 179 (1989). If the vested defined benefit plan has not matured, the proper approach is to calculate the actuarial present value of the monthly benefits the employe will receive at retirement that are attributable to contributions made during the marriage. *Cunningham and Cunningham,* 74 Or App 311, 314-15, 702 P2d 1157 (1985); *Minnis and Minnis,* 54 Or App 70, 75, 634 P2d 259 (1981).

■    The trial court's division of the retirement plan is at odds with those principles because it would allow wife to benefit from contributions to the plan that husband will make after the dissolution. Under the formula that the trial court used, the annual decrease in wife's fractional interest is not necessarily equivalent to the increase in benefits acquired by husband when the amount he receives at retirement is based on the average of his three highest salary years.[1] Also, the trial court failed to consider the extra four years of retirement credit purchased by husband near the time of separation. We

---

[1] The trial court's formula was:

| Year of Husband's Retirement | Wife's Interest in Husband's Annuity |
|---|---|
| 1988 | 10/24 |
| 1989 | 10/25 |
| 1990 | 10/26 |
| 1991 | 10/27 |
| 1992 | 10/28 |
| 1993 | 10/29 |
| 1994 | 10/30 |
| 1995 | 10/31 |
| 1996 | 10/32 |
| 1997 | 10/33 |

agree with wife that all 24 years of retirement credit accumulated by husband during the marriage should be included in the computation. Although the purchased four-year credit accrued as a result of his military service before the marriage, the credit was acquired during the marriage and is a marital asset. *See Norris and Norris,* 302 Or 123, 127, 727 P2d 115 (1986).

■　This case presents another variation because the amount of benefits that husband will receive depends upon when he retires. For purposes of the valuation of this asset, we fix his date of retirement at age 50, because that is the age when husband contemplated that he would retire. According to the testimony, assuming that husband retires at age 50 with 24 years of retirement credits, he will receive $1,697 per month.

One-half of that amount, or $848.50, is wife's interest in the retirement plan, and we order that that monthly amount be paid directly to wife by husband's pension plan as and when husband receives his retirement benefits. However, if husband is required to pay income taxes on the entire amount that he receives (including the amount awarded to wife), the monthly payments to wife shall be reduced by an amount equal to one-half of the taxes that husband is required to pay because of the benefits.[2] *See Rogers and Rogers, supra,* n 2.

■　Husband also assigns as error the trial court's award of spousal support, arguing that wife, because she has job skills and is presently employed, requires no spousal support in order to achieve a standard of living not overly disproportionate to that enjoyed during the marriage. *See Grove and*

---

[2] Husband urges us to award the pension plan solely to him and to give the house and an equalizing judgment to wife. That approach might be consistent with our policy of requiring payment of a sum certain where possible, but it would not serve to disentangle the parties. *See Rogers and Rogers,* 45 Or App 885, 609 P2d 877, *modified* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), *further modified* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981). Husband favors that approach because he calculates the present value of the plan as if he were going to retire at age 62. If the retirement date is fixed at age 50, the present value of the plan to husband after taxes is $159,590 ($182,300 minus 15.2%). If we were to award the $24,500 equity in the home solely to wife and the retirement plan solely to husband, we would be required to enter an equalizing judgment against husband and in favor of wife that would be greater than husband could reasonably pay. We decline to distribute the marital property in the manner suggested by him.

*Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977). We consider the spousal support award together with husband's other obligations. The spousal support award together with husband's total child support obligation of $840 per month would impose an unreasonably heavy burden on him. Public policy requires that he retain adequate income to support himself, after awards for his former spouse and children. *Smith v. Smith,* 290 Or 675, 680, 626 P2d 342 (1981); *Watters and Watters,* 47 Or App 483, 614 P2d 589 (1980); *McCallan and McCallan,* 35 Or App 437, 581 P2d 956 (1978); *Hockema v. Hockema,* 18 Or App 273, 276, 524 P2d 1238 (1974). We conclude that a spousal support award of $150 per month for four years is just and equitable under all the circumstances and modify the trial court's judgment accordingly.

On appeal, judgment modified to award spousal support of $150 per month for four years from the date of the original judgment. On appeal and on cross-appeal, remanded for entry of a qualified domestic relations order consistent with this opinion; affirmed as modified. No costs to either party.