On appellant - cross-respondent's petition for reconsideration filed November 2, 1988, reconsideration allowed, former decision (93 Or App 216, 762 P2d 1069) withdrawn; affirmed as modified on appeal; affirmed on cross-appeal June 28, 1989

In the Matter of the Marriage of

KERNAN,
*Appellant - Cross-Respondent,*
*and*

KERNAN,
*Respondent - Cross-Appellant.*

(D8608-65820; CA A44379)

776 P2d 41

Linda J. Larkin, Portland, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Wife petitions for reconsideration of our decision, 93 Or App 216, 762 P2d 1069 (1988), in which we affirmed without opinion the trial court's award to wife of permanent spousal support "in lieu of all other retirement benefits, except the death benefit." We allow the petition. Concluding that the award was not proper, we modify the judgment to provide wife one-half of husband's pension as marital property and to reduce the amount of wife's spousal support after husband's retirement. In all other respects, we affirm.

The parties were married for 30 years. Husband is 52 years old; wife is 51 years old. He works as a grain weigher for the Federal Grain Inspection Service, earning approximately $1,233 per month. She runs a small day care operation in the family home, earning approximately $350 per month. She has a high school education and has not worked outside the home since the marriage. The parties also own a second house, which generates rental income of $350 per month.

During the marriage, the parties acquired property that included a home valued at $65,000, but they have no equity in it. The rental property is worth $44,000. They own an IRA account worth $2,065 and various household goods, vehicles and other personal property. Husband also earned pension benefits under the Public Employes Retirement System (PERS) and by working for the United States Department of Agriculture (USDA), both of which are vested defined benefit plans.

The trial court ordered the second house to be sold and the proceeds used to pay off the remaining debts of the parties, amounting to approximately $12,400, with the remainder to be divided equally. It awarded wife the marital home and personal property worth approximately $9,795. It also awarded her permanent spousal support of $500 per month for 12 months, $400 per month thereafter until husband retires and $300 per month thereafter. To husband, it awarded the IRA account, personal property worth approximately $4,785 and the PERS and USDA retirement accounts, subject to his obligation to maintain wife as beneficiary of any death benefits available under either plan.

**1, 2.** On *de novo* review, we conclude that the property

division is inequitable. Pension benefits are a marital asset that must be taken into account in making a property division. ORS 107.105(1)(f); *Bogh and Bogh,* 64 Or App 49, 53, 666 P2d 1375 (1983); *Rogers and Rogers,* 45 Or App 885, 893, 609 P2d 877, *modified* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), *modified* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981). According to the uncontradicted report of wife's actuary, the present value of the PERS plan as of the date of dissolution was $70,729 and that of the USDA plan, $18,449. Given that there was no equity in the marital home, husband received property worth approximately $111,828, but wife received property worth only approximately $40,763. Husband thus received a grossly disproportionate share of the marital property.

**3, 4.**     The trial court indicated that it was awarding spousal support in lieu of dividing retirement benefits.[1] Certainly, a trial court must attempt to balance an award of spousal support with other factors, including the property division. *Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977). However, any support obligation exists independently of the availability of retirement benefits. *Bogh and Bogh, supra,* 64 Or App at 53. The unequal property division cannot be justified by wife's wage-earning capacity or her prospects for finding employment through which she could earn retirement benefits of her own, because both are minimal. Moreover, the amount of spousal support awarded her only provided her with income roughly equal to husband's. She is entitled to that support *and* to an approximately equal share of the marital property. Accordingly, the trial court's award of spousal support in lieu of a share of retirement benefits was inappropriate. We therefore modify the judgment.

**5, 6.**     It is impracticable to offset the value of the pensions by awarding wife other property. The pensions must be divided. Awarding wife 50 percent of the present value of husband's PERS benefits and USDA "Life Only" benefit will result in a roughly equal property division. Accordingly, we

---

[1] ORS 107.105(1)(f) provides, in part:

"If a spouse has been awarded spousal support in lieu of a share of property, the court shall so state on the record, and shall order the obligor to provide for and maintain life insurance in an amount commensurate with the obligation and designating the obligee as beneficiary for the duration of the obligation."

award wife 50 percent of the present value of those plans, payable on husband's retirement.

Wife's share must be based only on the amounts attributable to the contributions to the plans made during the marriage. *See Mahaffey and Mahaffey,* 96 Or App 617, 620, 773 P2d 806 (1989). On the basis of the actuarial information in the record, we award wife $359 per month from PERS benefits, and $163 per month from the USDA pension, to be paid directly to wife by the pension plans. If, however, husband is required to pay income taxes on any pension amounts going to wife, her monthly payments shall be reduced by an amount equal to the taxes attributable to her share. *See Mahaffey and Mahaffey, supra,* 96 Or App at 621.

7.      With respect to spousal support, the trial court's award is reasonable at present. After husband's retirement, however, and given our modification of the property division, husband will receive less retirement income. We therefore reduce the support that husband must provide after he retires to $200 per month.

Reconsideration allowed; former decision withdrawn; judgment modified to award wife, payable after husband's retirement, one-half of the pension benefits accrued during the marriage under PERS and USDA and to reduce wife's spousal support to $200 per month after husband's retirement; remanded for entry of a qualified domestic relations order not inconsistent with this opinion; affirmed as modified on appeal; affirmed on cross-appeal. Costs to wife.