Argued and submitted May 10, 1991, on appeal, remanded with instructions; on cross-appeal judgment modified; otherwise affirmed May 13, 1992

In the Matter of the Marriage of

Wilda A. GAGNEPAIN,
*Respondent - Cross-Appellant,*
*and*

Dale F. GAGNEPAIN,
*Appellant - Cross-Respondent.*

(CV 89-150; CA A64067)

831 P2d 67

Michael A. Yates, Portland, argued the cause for appellant - cross-respondent. On the briefs was Clayton C. Patrick, Salem.

Michael B. Collins, Pendleton, argued the cause for respondent - cross-appellant. With him on the brief was Collins & Collins, Pendleton.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## DEITS, J.

Husband appeals from a dissolution judgment, arguing that the trial court erred in awarding wife both permanent spousal support and 47 percent of his pension, in failing to award him certain personal property and in not entering a Qualified Domestic Relations Order (QDRO). Wife cross-appeals, contending that the court erred in the valuation of certain marital assets.

This is a 25-year marriage. Husband, age 50, earns about $41,000 per year from his employment with a telephone company. He has worked there approximately 30 years and is eligible for retirement. He has an employee stock plan worth $28,500 and a pension plan that would pay approximately $800 per month, if he had retired at the time of trial. Wife, age 49, was a homemaker throughout the marriage and now works full time for a bus company, earning $308 every two weeks. She has custody of the couple's 17-year-old son and was awarded $446 child support per month.

The trial court awarded wife permanent spousal support in the amount of $300 per month, relying on "the length of the marriage, 25 years, the difference in earning capacities between husband and wife, and wife's age." It also awarded wife one-half of husband's pension that was earned during the marriage and ordered that a QDRO be prepared. The parties had already divided most of the property before trial. The court valued the property and divided the remaining disputed items. It awarded an equalizing judgment to wife of $1,730, resulting in each party's receiving approximately $30,000 in assets.

Husband assigns error to the award of permanent spousal support to wife. He contends that spousal support should end at the time of his retirement. He testified that, if he retires at the earliest possible time, he will receive only $800 a month from his retirement plan, and wife is entitled to one-half of that. He argues that it is unfair to require him to continue to pay her $300 a month spousal support out of the remaining $400.

■■ To the extent that husband's argument is that wife cannot receive both retirement income and spousal support, we reject it. As we explained in *Bogh and Bogh*, 64 Or App 49,

53, 666 P2d 1375 (1983), a support obligation exists independently of a spouse's entitlement to retirement benefits, which are marital property. ORS 107.105(1)(f); *see Franzke and Franzke*, 292 Or 110, 120, 637 P2d 595 (1981). This is not to say that, in evaluating all of the circumstances in a particular case, we will never consider a spouse's planned retirement and the consequent economic impact on the parties in devising an award of spousal support. In *Kernan and Kernan,* 97 Or App 362, 365, 776 P2d 41 (1989), we awarded spousal support but provided that it was to be reduced by $200 after husband's retirement. However, in that case, it was not necessary to speculate as to the parties' future financial circumstances. There was evidence of husband's expected age at retirement and sufficient actuarial information to allow us accurately to project the amount of retirement income. When the evidence is sufficient for us to evaluate the parties' future financial situation, it may be desirable to award support that takes it into account. That allows disentanglement of the parties' affairs, avoids repeated litigation and provides the parties with some income certainty.

■     Husband has asked that the spousal support terminate on his retirement. However, there was no evidence that husband plans to retire immediately or any indication of when he does plan to retire. Although there is evidence as to what his retirement income would be if he were to retire at the earliest possible time, there is no evidence that would allow us to calculate what it would be if he were to retire at another time. The evidence is not sufficiently definite to allow us to assess accurately what the parties' financial circumstances will be when husband retires. If there has been a substantial change of circumstances at the time of retirement, husband may seek a modification of the award at that time.

Husband next contends that the trial court erred in failing to award him all of the items in the parties' outbuildings. We find no indication in the record that husband ever requested the trial court to award him *all* of those items. Instead, he mentioned numerous specific items that he wanted and also mentioned items that he wanted to leave for his children to use. The trial court awarded him most of the items that he requested at trial and added more at his request

after the proposed decree was issued. We conclude that the award of personal property was proper.

Husband's final assignment of error is that the trial court erred in failing to enter a QDRO. The trial court's opinion letter said that a QDRO should be prepared consistent with husband's pension plan. There is no dispute that a QDRO should be prepared. Neither party argues that the delay should have any effect on its substance. Therefore, we remand to the trial court with instructions to enter a QDRO consistent with the property award.

■ On cross-appeal, wife argues that the court made two errors in valuing the marital property. First, she contends that the trial court erred in valuing at $2,200 the travel trailer awarded husband. Wife testified that it was worth $6,000, and husband testified that its value was $3,000 but that he owed $900 on it. We conclude that the $2,200 value was proper.

■ Wife also assigns error to the value given 60 United States savings bonds that the parties had purchased during the marriage for $25 each. Wife contends that the trial court erred in valuing them at a total of $3,000, their maturity value, rather than at a lower figure. There was no evidence that any of the bonds had matured. There was also evidence that the total purchase price of the bonds was $1,500 and that they had been purchased on a monthly basis between 1984 and 1989. The appropriate value of the bonds to be used in the property division is their value as of the date of trial. Neither party, however, presented evidence of what that value was. Under the circumstances, we conclude that it is just and equitable to assign them a value of $2,250. The equalizing judgment to wife of $1,730 is modified to $2,105.

On appeal, remanded with instructions to enter a Qualified Domestic Relations Order; on cross-appeal, equalizing judgment to wife modified to $2,105; otherwise affirmed. Costs, not including attorney fees, to wife.