Argued and submitted February 10, supplemental order clarifying judgment vacated
April 26, 1995

## In the Matter of the Marriage of

Blake LeRoy WILLIAMS,
*Respondent,*
*and*

Maureen Beth WILLIAMS,
*Appellant.*

(151087; CA A83876)

894 P2d 523

Eric Yandell argued the cause for appellant. With him on the brief was Heltzel, Upjohn, Williams & Yandell, P.C.

No appearance by respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Wife appeals from an order "clarifying" a judgment of dissolution. On *de novo* review, ORS 19.125(3), we vacate the order.

The parties' marriage was dissolved in 1986, and the dissolution judgment awarded wife the following interest in husband's federal civil service retirement plan:

> "The payment of retirement benefits as provided herein shall be made to [wife], computed as follows: a 36.54% interest in [the retirement plan] to the extent of the amount that is vested as of the date of the judgment. * * * [Wife] should receive 36.54% of $950 per month or the sum of $347.11 per month plus any cost-of-living increases as is provided by [the retirement plan]."

Wife submitted the judgment to the Office of Personnel Management (OPM) so that it could be approved as a "qualifying order," which was a prerequisite to a division of husband's retirement benefits. *See* 5 CFR § 831.1704 (1992).

In December 1992, shortly after husband had retired, OPM notified him that it had accepted the judgment as a qualifying order and said:

> "Federal law (5 USC 8345j) requires us to divide retirement benefits to the extent expressly provided for in the terms of any court decree of divorce * * *.

> "We have reviewed the [judgment] and have determined that it appears to be a qualifying order based on Federal regulations (5 CFR 831.1704). The [judgment] requires us to withhold $551.00 (36.54% of gross) per month retroactive to your retirement date * * * and $553.00 beginning January 1, 1993 per month from your annuity for payment to [wife].

> "If you have any objections to this division of your annuity, you must direct your objections [to OPM within 30 days]."

The effect of OPM's interpretation of the dissolution judgment is that wife will receive a percentage of husband's total gross benefit under his retirement plan, including benefits based on his earnings from work and salary increases after the parties' marriage was dissolved.

After OPM notified husband about the amount of his retirement that would be withheld for wife, husband filed a

motion to clarify judgment in circuit court. The trial court granted numerous extensions while husband unsuccessfully appealed the OPM decision at the federal level. Later, the court entered a Supplemental Order Clarifying Decree (the amended judgment), which provides, in part:

> "The entitlement of [wife] to [husband's] Civil Service retirement account plan is 36.54% of that account based upon the length of service and salary of [husband] on the date of the decree of dissolution * * *. [Wife] specifically shall not be entitled to increases in [husband's] entitlement under the above [plan] which are based solely upon length of service after the date of the [judgment] or upon salary increases which inure to [husband] after the date of the [judgment] * * *."

Wife assigns error to the trial court's entry of the amended judgment. She argues that, under ORCP 71 C,[1] the trial court did not have the authority to modify the original dissolution judgment in the guise of a clarification.[2]

ORCP 71 C affirms a trial court's traditional power to modify a judgment within a reasonable time. *Condliff v. Priest*, 82 Or App 115, 118, 727 P2d 175 (1986). Generally, however, a court cannot modify property division awards. *See* ORS 107.135(1)(e); *Garnett v. Garnett*, 270 Or 102, 526 P2d 549 (1974).

At the time the trial court entered the dissolution judgment, the rules applicable to division of a federal civil service retirement plan provided, in part:

> "A. Unless the court directly and unequivocally orders otherwise, decrees which divide annuities either on a percentage basis or by use of a formula will be interpreted as subject to adjustment for cost-of-living and salary adjustments occurring after the issuance of the decree.
>
> "* * * * *
>
> "A formula containing an instruction to calculate the former spouse's share effective at the time of the divorce will

---

[1] ORCP 71 C provides, in part:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time * * *."

[2] Husband did not file a brief in this case; accordingly, he makes no response to that argument.

not be interpreted to prevent cost-of-living or salary adjustment." 5 CFR § 831, Appendix A to Subpart Q (1985).[3]

The dissolution judgment does not specifically exclude post-dissolution salary adjustments from wife's percentage of husband's benefits. As a consequence, OPM interpreted it as including those adjustments. In other words, as drafted, the original dissolution judgment *requires* that wife receive a percentage of husband's retirement benefits attributable to post-dissolution salary increases.

If there is more than one judgment, OPM looks to the latter judgment to calculate benefits. 5 CFR § 838.1016 (1994). The amended judgment explicitly provides that wife is not entitled to receive any benefits from husband's post-dissolution salary adjustments. If OPM were to recalculate wife's percentage of the retirement plan based on the amended judgment, she would not receive a share from that part of husband's benefits attributable to those adjustments. Therefore, the amended judgment modifies the property division, because it would decrease the amount wife would receive from husband's retirement benefits, based on the language in the original dissolution judgment. Accordingly, the amended judgment was not a clarification but was an improper modification of a property division.

Supplemental order clarifying judgment vacated. No costs to either party.

---

[3] That section of the CFR has since been amended, reorganized and renumbered in ways that do not affect our opinion.