Argued and submitted February 10, reversed and remanded on appeal; affirmed on cross-appeal March 26, petition for review denied July 15, 1997 (325 Or 491)

## In the Matter of the Marriage of

### Frederick William TILEY,
*Respondent - Cross-Appellant,*
*and*

### Kathleen Ann TILEY,
*Appellant - Cross-Respondent.*

### (91P-20841; CA A92249)

936 P2d 367

J. Michael Alexander argued the cause for appellant - cross-respondent. With him on the brief was Burt, Swanson, Lathen, Alexander, McCann & Smith, P.C.

Gordon L. Dick argued the cause for respondent - cross-appellant. With him on the brief was Wheeler & Dick.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Wife appeals from a modification judgment that reduced the amount and duration of her spousal support award.[1] Husband cross-appeals the trial court's award of attorney fees to wife for her successful motion to hold husband in contempt for failure to pay support. We reverse and remand on the appeal and affirm on the cross-appeal.

The parties were married for 14 years and had one child. At the time of their marital dissolution in 1992, husband was self-employed as an orthopedic surgeon. His gross income was $18,000 per month, based on a 50-hour work week. Wife was unemployed as a result of significant health problems. The trial court awarded wife spousal support in the amount of $4,500 per month for five years and $3,000 per month thereafter.[2]

In 1994, wife filed two separate motions seeking contempt orders against husband for delinquency in the payment of spousal support. Husband moved to modify the support obligation. At a consolidated hearing on the parties' motions, husband presented evidence that he is working 40 percent more hours to generate the same income he was making at the time of the dissolution. He testified that the increased hours are causing him extreme stress, depression, increased blood pressure and chest pain, and that he therefore needs to decrease his work hours. Husband also sought a reduction in spousal support based on "a need to adjust for failed investments."[3] He stated that, because the primary asset in his retirement plan "did not take off as expected," he had to borrow money to pay wife's offsetting judgment and has lost approximately $300,000 from his retirement funds.[4]

---

[1] Neither party appealed the modified award of child support.

[2] In the property division, husband was awarded $372,544 of the marital estate and wife was awarded $217,546 plus an equalizing judgment of $77,500.

[3] During the marriage, husband made a substantial investment in a golf course, which is the principal asset of his retirement plan. Upon dissolution, the retirement assets were awarded to husband; the family home and an equalizing judgment were awarded to wife. At the modification proceeding, husband testified that since the marital dissolution the golf course has lost significant value and that that situation has required increased contributions to his retirement plan and affected his ability to pay spousal support.

[4] Husband also stated that wife's health problems have improved to the point that she could become employed but that she has only "seen fit to do volunteer

The trial court found that husband's present work schedule poses "a serious threat to his health" and that "age and continuing cardiac health concerns make it necessary for [husband] to reduce his work hours to reduce stress and improve his overall health." It also found that the investments made by husband for his retirement "have not produced assets he can count on to fund that retirement." The court acknowledged that husband's poor investments were not wife's fault but concluded that "the poor results are the reality of petitioner's present finances and must be taken into account." It ruled that husband's health and compromised financial position "present a substantial change of circumstances warranting a modification of spousal support" and then noted that husband's declining health, alone, would constitute a sufficient change of circumstances. It entered a judgment of modification reducing wife's support award to $3,000 per month, through January 1996, and then to $2,000 per month "until [husband's] 63rd birthday [July 10, 2000] or until retirement, whichever occurs last."[5]

The court also ruled in favor of wife on both of her contempt motions. It found that husband had, "on more than one occasion, put other expenditures before payment of spousal support including but not limited to travel, home remodeling, Blazer tickets and luxury car leases." The court continued:

> "I find [husband] in contempt of court on both motions. As a remedial sanction, the court will award a portion or all attorney fees incurred in the pursuit of contempt proceedings necessary to obtain that support."

■ On appeal, wife contends that husband did not establish a "substantial change in economic circumstances" sufficient to warrant modification of his spousal support obligation. ORS 107.135(2)(a). She points to the fact that husband has not in fact reduced his earnings and is "still pursuing a lavish lifestyle." He has remarried, purchased a home for

_____

activities rather than do activities which would generate [an] income." The trial court stated, in a letter opinion, that although that might be a reason not to increase wife's spousal support, it was not a ground for *decreasing* support.

[5] As a result of that modification, which reduced wife's income, the trial court *sua sponte* increased husband's child support obligation. That award is not at issue on appeal.

$280,000, traveled in Europe and elsewhere, leased a new Lexus LS400 automobile for his current wife at a monthly rate of $994 and a Mercedes for himself, purchased a ski boat and allowed his spousal support arrearage to increase. Wife also contends that the claimed reduction in the investment value of husband's pension fund "was largely speculative and arguably temporary." She argues that the trial court should not have considered the present financial status of husband's pension plan as a basis for modifying husband's support obligation, because in doing so the court essentially modified the property portion of the original dissolution judgment. We agree.

 Retirement benefits that accrue during marriage are assets that are subject to division as marital property. *Colling and Colling*, 139 Or App 16, 20-22, 910 P2d 1165, *rev den* 324 Or 78 (1996); *Bogh and Bogh*, 64 Or App 49, 53, 666 P2d 1375 (1983); ORS 107.105(1)(f) ("A retirement plan or pension or an interest therein shall be considered as property."). In the present case, that particular asset was awarded to husband. Property divisions are not subject to modification, *Pope and Pope*, 301 Or 42, 45, 718 P2d 735 (1986); *Williams and Williams*, 134 Or App 8, 11, 894 P2d 523 (1995), unless the property award was based on the enhanced earning capacity statute, ORS 107.135(1)(e). Just as wife could not return to the trial court and seek increased spousal support on the ground that the assets she received in the marital property division have not increased in value to the extent that she had anticipated, husband cannot obtain a reduction in his spousal support obligation because his pension plan has not increased in value to the extent that he anticipated.[6] If, at some later date, husband retires and finds that he is receiving insufficient funds from his pension plan to allow him to pay spousal support, he then will be faced with an actual, as opposed to a merely potential, change in economic circumstances. *See Gagnepain and Gagnepain*, 113 Or App 56, 59, 831 P2d 67 (1992) ("If there has been a substantial change of circumstances at the time of retirement, husband may seek a modification of the award at that time.").

---

[6] Were it otherwise, market fluctuations affecting the value of 401K plans would always be a change in circumstances.

■ We turn to wife's contention that husband's anticipated reduction in work hours does not establish the requisite "change of economic circumstances," ORS 107.135(2)(a). The evidence shows that husband has maintained his earnings and his standard of living since the marital dissolution. There was contradictory evidence regarding whether husband is working longer hours to make the same amount of money. His "day sheets," which record his time in the office, actually show a steady reduction in the number of days worked between 1992 and 1994.

■ On *de novo* review, we find no change in husband's economic circumstances that warrants modification of his spousal support obligation. We find that he has not reduced his hours, his receipts have not decreased, and he has not attempted to find out whether, by making other changes, he could work fewer hours and retain his current earning capacity. In sum, husband's intention to work fewer hours is little more than a possibility,[7] and mere speculation is not a proper basis for modifying spousal support. *Johnson v. Johnson*, 245 Or 10, 14, 419 P2d 28 (1966). His stated position is that if he is going to have to reduce his standard of living, then wife should have to do the same. But the record before us does not reveal a reduced standard of living, except in the most theoretical of terms. Instead, the record demonstrates husband's strong, current desire to decrease his spousal support obligation, combined with little more than a possibility that he will have a reduced income at some point in the future. A support modification proceeding is not appropriate for obtaining a reduction in one's marital obligation on the basis of little more than an implied promise that, if successful in obtaining the reduction, one will *then* make adjustments in one's own standard of living.

■ On cross-appeal, husband challenges the reasonableness of the amount of the trial court's award of attorney fees to wife as the prevailing party in the contempt proceeding. That amount represents half of what wife requested with

---

[7] Husband testified:

"I've had to go and talk to * * * a friend of mine who is a psychiatrist and has been helping me with stress management *for years*. And he says, you've got to slow down. And I've got to listen to him I guess."

regard to both matters. We have reviewed the trial court's award pursuant to ORS 107.445, and conclude that it was not an abuse of discretion. *Richardson and Richardson,* 307 Or 370, 385, 769 P2d 179 (1989).

On appeal, reversed and remanded for reinstatement of original spousal support award of $4,500 per month for five years and $3,000 per month thereafter; affirmed on cross-appeal. Costs to wife on appeal; no costs to either party on cross-appeal.