Argued and submitted July 6, vacated and remanded in part as to child support and otherwise affirmed on appeal; affirmed on cross-appeal November 25, 1998

In the Matter of the Marriage of

Scott Dale HALPERT,
*Respondent - Cross-Appellant,*
*and*

Margaret Anne LEONARD,
*Appellant - Cross-Respondent.*

(15-96-10681; CA A98679)

970 P2d 253

George W. Kelly argued the cause and filed the briefs for appellant - cross-respondent.

Jeffrey E. Potter argued the cause for respondent - cross-appellant. With him on the brief was Lombard, Gardner, Honsowetz, Potter & Budge.

Before De Muniz, Presiding Judge, and Haselton and Linder,* Judges.

* Linder, J., *vice* Landau, J.

DE MUNIZ, P. J.

**DE MUNIZ, P. J.**

Wife appeals and husband cross-appeals from a dissolution judgment. We affirm on the cross-appeal without discussion. On the appeal, we write only to address wife's assignment of error pertaining to the award of child support and remand for recalculation of the award.

The issue we must determine is whether, in awarding child support, the trial court erred in omitting the amount husband voluntarily contributes to his 401(k) retirement account from the calculation of husband's gross income.[1] OAR 137-050-0340(1) defines "gross income" to include

> "income from any source, including but not limited to salaries, wages, commissions, advances, bonuses, dividends, severance pay, pensions, interest, honoraria, trust income, annuities, return on capital, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, and prizes including lottery winnings."

Husband argues that, under OAR 137-050-0340, gross income is "income" and that 401(k) contributions are not "income" within the rule for the "simple reason that they are not presently available to the recipient to use for paying child support or other reason and are not even taxable." The trial court agreed with husband's position, holding that the applicable income was "gross taxable income as it is with everybody that's got a 401(k) or deferred comp. The W-2 lists gross taxable income. And then you account [for] the earned 401(k)s and deferred comps and pension plans as independent marital assets."

■■ Retirement benefits that *accrue* during marriage may be treated under some circumstances as assets subject to division as marital property. *See Tiley and Tiley*, 147 Or App 262, 266, 936 P2d 367, *rev den* 325 Or 491 (1997). However, it does not necessarily follow that voluntary contributions to a retirement plan are not part of gross income for

---

[1] The record shows that, for 1996, that contribution exceeded $50,000.

purposes of a child support award. Indeed, the text and context of the support enforcement rules show that those contributions were intended to be considered as income. *See Perlenfein and Perlenfein*, 316 Or 16, 20, 848 P2d 604 (1993) (in construing administrative rule, court's role is to determine intent of enacting body looking first to text and context.).

OAR 137-050-0340 does not define gross income as gross taxable income; it is "income from *any source*[.]" (Emphasis added.) The amount of child support that is presumed to be the correct amount is determined from that gross income. OAR 137-050-0330(2)(a).[2] It is in rebutting that amount that tax factors may be considered. OAR 137-050-0330(2) provides that one factor that may be considered to counter the presumptively correct amount is

"(C) The net income of the parent remaining after withholdings *required by law or as a condition of employment*[.]" (Emphasis added.)

A voluntary contribution to a retirement account does reduce the amount of available present income. However, it is not one "required by law or as a condition of employment." We conclude from the text and context of the rules that voluntarily deferring the use and tax consequences of presently earned income does not take that income out of the calculation of gross income in awarding child support. The trial court erred in holding otherwise.

On appeal, award of child support vacated and remanded for recalculation and otherwise affirmed; affirmed on cross-appeal.

---

[2] Gross income is "adjusted" by deductions for preexisting and nonjoint child support obligations and spousal support. OAR 137-050-0320(4).