Submitted October 7, reversed and remanded December 29, 2011, petition for review denied May 17, 2012 (352 Or 33)

In the Matter of the Marriage of

Danial A. RUSHBY,
*Petitioner-Respondent,*
*and*

Karen M. RUSHBY,
*Respondent-Appellant.*

Douglas County Circuit Court
07DO1818DS; A144086

270 P3d 327

Karen M. Rushby filed the briefs *pro se*.

Clayton C. Patrick filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

### HADLOCK, J.

We address a single legal question in this dissolution case: whether courts may treat retirement accounts that are in payout status solely as income streams (to be considered in analyzing whether to award spousal support) or whether, instead, courts must treat retirement accounts as property (to be included in the division of marital property). We hold that, under ORS 107.105(1)(f), retirement accounts must be treated as property. Because the trial court reached the opposite conclusion, we reverse and remand for further proceedings.

We describe the pertinent facts as found by the trial court.[1] Husband and wife separated in 2006 after about 23 years of marriage. They have three children, the oldest of whom was in college at the time of the 2009 divorce. The parties agreed that wife would have custody of the two younger children. In the year preceding the divorce, husband, a retired firefighter, received a monthly PERS benefit of $4,639.[2] Wife, who suffers health problems and who also is a former public employee, received monthly PERS disability payments of $2,551. The parties had little, if any, other income and few monetarily valuable assets other than motor vehicles. Although they owned two residential properties, the parties probably were " 'upside down' on each property"—that is, the mortgages on the properties likely exceeded their fair market values. Consequently, the trial court found "no marital equity" in either of those properties.

---

[1] The notice of appeal in this case was filed after June 4, 2009; consequently, we have discretion whether to review the facts *de novo*. Or Laws 2009, ch 231, §§ 2, 3. Although wife asserts that our standard of review is *de novo*, we decline to exercise our discretion "to try the cause anew on the record" for several reasons. ORAP 5.40(8)(d). First, wife, the appellant in this case, has not explained why we should do so. *See* ORAP 5.40(8)(a) ("In those proceedings in which the Court of Appeals has discretion to try the cause anew on the record and the appellant seeks to have the court exercise that discretion, the appellant shall concisely state the reasons why the court should do so."). Second, we understand wife's appeal to raise only a legal question, not to challenge any of the trial court's factual findings. Third, the trial court's letter opinions include detailed factual findings and reflect the court's careful review of the evidence and arguments submitted at trial. *See* ORAP 5.40(8)(d) (describing factors, including the existence of factual findings, that the appellate court considers in determining whether to exercise *de novo* review). For all of those reasons, we see no reason to decide the facts anew.

[2] "PERS" is an acronym for the Public Employees Retirement System.

Wife argued that the trial court should treat the parties' PERS accounts as property, to be included in a property division, instead of calculating a spousal-support award based on the disparity between the parties' monthly PERS payments. The trial court disagreed, finding it "logical" to treat the PERS accounts as income streams:

"Wife would prefer an equal division of each PERS account to an award of spousal support; however, both accounts are in payout status. * * * Given the payout status of the accounts, as well as the fact that neither party has another source of income, it is logical to treat each as a stream of income rather than an asset subject to the property division. With that in mind, it appears that an award of spousal maintenance support may be just and equitable, and the decision as to the duration and amount of said award is guided by the factors set forth in ORS 107.105(1)(d)(C)[.]"

Accordingly, the court awarded each party one of the residential properties (and associated debt), his or her PERS account (and other, small retirement accounts), and certain other personal property. The court did not enter either an equalizing judgment or a qualified domestic relations order granting wife a portion of husband's PERS account. Instead, based on the difference in magnitude between the parties' monthly PERS benefits, the court ordered husband to pay wife maintenance spousal support of "$250 per month for a period of two years; $500 per month for an additional period of three years; and $750 per month thereafter." After wife sought reconsideration, the trial court emphasized its "belief that PERS accounts in pay-out status are properly considered as a stream of income as opposed to a divisible asset." The court made that ruling "as a matter of law."

On appeal, wife renews her challenge to the trial court's treatment of the PERS accounts solely as income streams, arguing that the accounts must be treated as property under ORS 107.105(1)(f). We agree.

Standing alone, the text of ORS 107.105(1)(f) appears to support wife's argument. ORS 107.105 describes the matters that a court may address in a dissolution judgment, including provision

"[f]or the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. *A retirement plan or pension or an interest therein shall be considered as property.* * * * There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

ORS 107.105(1)(f) (emphasis added).

Nonetheless, husband argues that "case law clearly allows the court to do what it did here to achieve a just result." Husband cites cases from the 1980s and 1990s that he contends stand for the proposition that a court may, in appropriate circumstances, "treat retirement plans which are in payout status as 'streams of income' rather than as an asset, and award spousal support instead." We acknowledge that one of those cases, *Colling and Colling*, 139 Or App 16, 910 P2d 1165, *rev den*, 324 Or 78 (1996), could be read to support husband's argument. In that case, the trial court had believed "that it was obligated * * * to exclude husband's PERS account from the property division because he had retired and was receiving monthly income from the account." *Id.* at 20; *see id.* at 19 (similar). This court disagreed, and, on *de novo* review, we treated the husband's PERS account as property. *Id.* at 22.

Husband does not rely on the actual result in *Colling*, but on the fact that we described "valu[ing] * * * retirement accounts as property assets" as one "permissible" approach—the approach that was preferable under the circumstances of that case. *Id.* From our repeated use of the word "permissible," husband infers that treating retirement accounts solely as income streams *also* may be permissible. However, any such suggestion was *dictum* in *Colling*, as we ultimately held that the trial court erred in treating retirement benefits as an income stream in that case. *Id.* at 20.[3]

In any event, a more recent decision from this court states the rule clearly: Courts must treat retirement

---

[3] The other cases on which husband relies are inapposite, as they do not address the pertinent provision of ORS 107.105(1)(f) relating to proper treatment of retirement accounts.

accounts as property, not solely as income streams, even when those accounts are in payout status. In *Forney and Forney*, 239 Or App 406, 244 P3d 849 (2010), a dissolution appeal decided after the trial court entered judgment in this case, the husband's income "consisted of a combination of retirement benefits," including a monthly PERS benefit. *Id.* at 410. The *Forney* trial court did not address the value of the husband's PERS pension, but instead "awarded [the] wife half of the monthly payments, as opposed to half of [the pension's] actuarial value." *Id.* at 411. On appeal, the husband argued that the trial court erred "in treating the PERS account as an income stream rather than as a marital asset[.]" *Id.* We agreed, holding that, under ORS 107.105(1)(f), the pension was "property, not merely an income stream." *Id.* at 413. We concluded that "the marital portion of the PERS pension should be divided equally between the parties pursuant to a qualified domestic relations order," with each party's portion of the pension attributed to that party in the property division. *Id.*

*Forney* followed logically from other dissolution cases in which we emphasized that retirement accounts must be treated as property subject to division. For example, in *Stokes and Stokes*, 234 Or App 566, 573, 228 P3d 701 (2010), we cited ORS 107.105 for the proposition that, in Oregon, "pensions * * * are personal property and, pursuant to ORS 107.105, the 'marital asset' portion of a pension (that is, the portion that accumulated during the marriage) is subject to division when a marriage is dissolved." (Footnote omitted.) Oregon law creates a "rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage * * *." ORS 107.105(1)(f). Consequently, a spouse generally will be entitled to "one-half of that portion of a pension that was accumulated during the marriage." *Stokes*, 234 Or App at 573; *see also Kernan and Kernan*, 97 Or App 362, 365, 776 P2d 41 (1989) ("Pension benefits are a marital asset that must be taken into account in making a property division.").

Under ORS 107.105(1)(f), *Forney*, and the cases that preceded that opinion, courts deciding dissolution cases must treat the parties' retirement accounts as property, rather than solely as income streams, even if the parties are retired

and their accounts are in payout status.[4] The trial court erred in taking the opposite approach. Accordingly, we reverse and remand so that the trial court may determine a "just and proper" division of the parties' property, including their retirement accounts, and also may conduct any further proceedings that may be necessary in light of this decision.

Reversed and remanded.

---

[4] We note that a court may, in determining whether to make an award of maintenance spousal support, consider the parties' "relative income," including income that results from a division of marital property. ORS 107.105(1)(d)(C)(v). Accordingly, this opinion should not be read to suggest that trial courts may not consider parties' retirement-benefit income when determining whether a support award is just and equitable, even following inclusion of the retirement accounts in the property division. Rather, we hold only that, under ORS 107.105(1)(f), a court must treat retirement accounts as property when dividing the marital property, and may not treat those accounts *solely* as generating income streams for purposes of calculating an award of spousal support.