Submitted March 7, portion of general judgment of dissolution relating to property division dividing military pension reversed and remanded for reconsideration; otherwise affirmed April 23, 2014

In the Matter of the Marriage of

Kimberly J. CARDONA,
*Petitioner-Appellant,*
*and*

Chris J. CARDONA,
*Respondent-Respondent.*

Marion County Circuit Court
11C31825; A153040

325 P3d 66

Elaine D. Smith-Koop and Elaine D. Smith-Koop, LLC, filed the briefs for appellant.

Christopher J. Cardona filed the brief *pro se.*

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

Wife appeals from a general judgment of dissolution, challenging the trial court's division of husband's military pension. We conclude that the trial court erred in its division of the military pension and reverse and remand the judgment for reconsideration under the correct legal standard.

The parties met in 1984, when they were both in the military. They began living together one year before they married in 1989. Husband was in the Navy and he continued to serve until 2006, when he retired and began to receive military pension benefits.

The parties had been married for over 23 years when they separated in March 2012, and wife filed a petition for dissolution. They have three adult children. At the time of trial, wife was age 50 and husband was age 49.

The parties stipulated to many provisions of the dissolution judgment, but the issues of spousal support and the division of husband's military pension were tried to the court. In a letter opinion, the trial court discussed the military pension in a paragraph describing the award of spousal support.[1] However, in the dissolution judgment, the trial court addressed the division of the pension separately from spousal support, awarding wife one-half of husband's pension benefits for a period of seven years. The court separately awarded wife stepped-down spousal support for seven years in the amounts and for the time periods described in its letter opinion.

---

[1] In the paragraph entitled "Spousal Support," the court's letter opinion stated:

"The court accepts [husband's] proposal for 50% of his Navy pension being provided to [wife]. The duration shall be for a period of seven years. Additionally, the court awards an additional sum of $600.00 for the first year, $500.00 for years two and three, and $400.00 for years four, five, six, and seven. The amounts and duration shall not automatically be terminated if [wife] re-marries. This case involves a long-term marriage where [wife's] career opportunities were partially limited to her staying home with the children while [husband] pursued his career. Additionally, these amounts are designed to assist [wife] during the transitional period with educational and medical costs needed to maintain a comparable standard of living. Lastly, the amounts and duration of spousal support take into consideration the benefits to [husband] in paying spousal support and the detriment to [wife] claiming spousal support as income."

Wife appeals, contending that the trial court erred in awarding her a share of husband's military pension payments for only seven years. She contends that she is entitled to half of husband's military pension payments for as long as husband receives them.

In Oregon, a pension is treated as marital property. ORS 107.105(1)(f)(A) ("[A] retirement plan or pension or an interest therein shall be considered as property[.]"); *Richardson and Richardson*, 307 Or 370, 376, 769 P2d 179 (1989). We recently reaffirmed that rule in *Rushby and Rushby*, 247 Or App 528, 533-34, 534 n 4, 270 P3d 327 (2011), *rev den*, 352 Or 33 (2012), where we held that, even when a retirement account is in payout status, it must be treated as a marital asset, although the monthly income from a pension may also be considered in determining an award of maintenance support.

The marital asset portion of a pension is that portion that accrued from the date of the marriage to the date of dissolution. *Stokes and Stokes*, 234 Or App 566, 228 P3d 701 (2010). A military pension is a defined benefit plan. *See* 10 USC § 1408. It is paid out monthly for the life of the retiree, based on a percentage of the pay of the retiree and the number of years of service at the time of retirement. *Id.* Under the "time rule" typically used to calculate the "marital portion" of benefits under a defined benefit retirement plan, the marital portion of the benefit is determined by multiplying the total benefit by a fraction, the numerator of which is the number of years (or months) of service during the marriage, and the denominator of which is the total years (or months) of service. *See Kiser and Kiser*, 176 Or App 627, 632 n 1, 32 P3d 244 (2001) (describing method). When, as here, there is no evidence of a defined benefit plan's actuarial present value, the marital asset portion of the pension must be determined as a portion of the monthly benefit. *Id.*

A spouse is presumed to have contributed equally to assets acquired during the marriage. ORS 107.105(1)(f)(c); *Kunze and Kunze*, 337 Or 122, 133-34, 92 P3d 100 (2004). Barring proof overcoming the presumption of equal contribution, a marital asset is ordinarily to be divided equally upon dissolution. *Id.* at 133; *Stokes*, 234 Or App at 577-78

(applying rule to martial portion of pension benefits). There is no suggestion here that husband has sought to overcome the presumption that wife contributed equally to the marital portion of the pension. Accordingly, wife's presumptive share of the pension is one-half of the marital portion of the pension. *Id.*

The trial court did not determine wife's share of the pension based on an equal division of the marital portion of the pension, but limited wife's share of the pension to a period of seven years. We therefore reverse that aspect of the judgment and remand for the court to reconsider the property division in light of a correct understanding of the law with respect to treatment of the military pension.[2]

Portion of general judgment of dissolution relating to property division dividing military pension reversed and remanded for reconsideration; otherwise affirmed.

---

[2] Of course, the division of the pension and judgment should also be consistent with the requirements of federal law.